BEATRICE TURNER
vs.
CHARLES N. TURNER

Superior Court      New Haven County      File #29947

Present: Hon. ARTHUR F. ELLS, Judge.

William Gitlitz,                Attorney for the Plaintiff.

A. W. Cretella,                Attorney for theDefendant.

**MEMORANDUM FILED JUNE 29, 1935.**

ELLS, J. Marriage, prosperity, divorce, alimony in 1929 figures, remarriage, depression, barely enough money to feed the new family and yet under a court order to support the old one,—then contempt proceedings,—and perhaps jail for default in payments. Thus is sketched the outline of a picture all too common nowadays.

The law is clear. The primary obligation is to take care

of the first family. He marries the second time and has children by her, subject to the legal duty to support the first family,—what is left goes for the maintenance of the second family. Yet both must be cared for. Society, although allowing divorce, is insistent upon the father's obligation to at least support his children. Society, which allows divorce and remarriage and more children, must safeguard their subsistence insofar as possible. It generally then becomes of vital importance to keep the man at work. Both families will be without support if he is sent to jail for contempt of court. Divorce, where there are children, is always a tragedy, and both husband and wife are bound to suffer some of its consequences in spite of all that society can do for them.

As to this present case. The man's income has been severely cut since the original order was entered. His primary obligation is to his first family, but that obligation is to be tested in the light of changing conditions. The situation is quite different than the one that existed when Judge O'Sullivan refused a deduction last year. The man is obviously so nearly crushed by the burden of his present alimony as to become a likely subject for a breakdown. Balancing all of these considerations as well as is humanly possible and in view of the further fact that Mrs. Turner has some property of her own, including a recent substantial inheritance, it would seem that a reduction should be ordered.

The weekly amount is reduced from Twenty-Five Dollars to Eighteen Dollars.