SHIRLEY KOSTEK ET AL. *v.* THE 477 CORPORATION

SUPERIOR COURT    HARTFORD COUNTY    FILE NO. 173531

Memorandum filed January 22, 1974

*Cyril Cole,* of Hartford, for the plaintiffs.

*John W. Lemega,* of Hartford, for the defendant.

RUBINOW, J. On December 4, 1973, the defendant notified counsel for the plaintiffs that the deposition of the plaintiff Shirley Kostek, hereinafter called the plaintiff, would be taken in Hartford on February 25, 1974. The plaintiffs have filed an "Objection to Deposition" stating that the plaintiff, who is described in the writ of summons as a resident of Newington, "is now a resident of . . . Florida" and "would be willing to come to Connecticut for the deposition if the defendant would be willing to

pay for all reasonable costs incurred in coming to Connecticut." The parties have treated the "Objection to Deposition" as the equivalent of a motion for a protective order under Practice Book § 186, and the court will treat it in the same way. The question for decision is whether the protective order should issue.

There are no reported Connecticut cases that consider this question. In the federal courts, however, a substantial body of precedent has been formulated with respect to the circumstances under which protective orders of the kind requested will be issued.

"More typically, [Fed. R. Civ. P.] 30(b) [protective] orders are issued at the request of the deponent or nonexamining party and govern such matters as the time, means, place, and expenses of taking the deposition. They commonly are sought when notice is served for a deposition to be taken at a considerable distance from either the court in which the action is pending or the residence of a party or witness. Although [Fed. R. Civ. P.] 45(d) (2) provides that a person can be subpoenaed to attend the taking of a deposition only within relatively narrow territorial limits, it affords no protection to a prospective deponent who is a party because his presence can be compelled without subpoena. Since attendance at a distant examination may involve considerable travel expense for the party and his counsel as well as other burdens, some sort of protective order may be required to prevent hardship and injustice. In exercising their discretion in the issuance of such orders, the courts have drawn a distinction between plaintiffs and defendants. Since the plaintiff has chosen the forum in which to bring his suit, he is generally required to attend an oral examination in that district even though his residence may be halfway around the world. A nonresident defendant, on the other hand,

may usually insist that his deposition be taken only where he resides or does business. These rules have sometimes been relaxed, however, to accommodate special circumstances of the parties. Such flexibility seems proper, since a rigid distinction between the parties may be difficult to justify when applied, for example, so as to impose upon a plaintiff who has been compelled by requirements of jurisdiction and venue to sue in a highly inconvenient forum the added burden of appearing there in person to have his deposition taken. In such circumstances an order that the deposition be taken upon written interrogatories, or that the defendant pay part or all of the plaintiff's expenses, may be warranted." Note, "Developments in the Law—Discovery," 74 Harv. L. Rev. 940, 981.

Even though a plaintiff has moved permanently from the jurisdiction where he lived when he started the action, the federal courts have required him to appear in that jurisdiction for the deposition. See *Anthony* v. *RKO Radio Pictures,* 8 F.R.D. 422 (plaintiff moved from New York to Missouri after instituting action in New York; motion to vacate notice of deposition in New York denied).

The plaintiff has not set forth in her motion, or in the course of the argument, any special circumstances, other than removal from the jurisdiction, to warrant any deviation from the rule enunciated by these authorities, i.e. that in the ordinary case a plaintiff may be required to give his deposition in the jurisdiction that he has chosen as the forum for his suit.

The objection to deposition, considered as a motion for a protective order, is overruled.