[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT ONE AND COUNT THREE
The plaintiff, Nicholas Cecere, commenced this action against EBI Indemnity Company. In the first count of his revised complaint, the plaintiff alleges that over a period of over five years, the defendant insurance company engaged in unfair settlement practices within the meaning of section 38-61 (6) thus violating the Connecticut Unfair Insurance Practices Act (CUIPA). Specifically, the plaintiff alleges that defendant failed to pay valid claims, unreasonably delayed the payment of claims, and failed to abide by the orders of the Insurance Commissioner.
The third count of the plaintiff's revised complaint alleges that the defendant's actions constitute unfair and deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant, EBI Indemnity Company, has moved to strike the first count on the ground that the plaintiff has failed to allege that defendant has a general business practice of engaging in unfair settlement practices as required by section 38-61 (c). In addition, the defendant has moved to strike count three on the ground that the plaintiff cannot sustain a CUTPA claim because he failed to allege a CUIPA cause of action.
The court will first consider defendant's motion to strike on the ground that the plaintiff has failed to allege a CUIPA cause of action under Section 38-61 (6) of the Connecticut General Statutes. Defendant argues that the plaintiff has only alleged facts regarding a single, isolated instance of insurance claim settlement misconduct, and that he failed to assert that the defendant frequently engaged in unfair settlement practices indicating a general business practice as required by Section 38-61 (6). The defendant correctly states that Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986) controls. The Supreme Court in Mead construed the meaning of Section 38-61 (c) which requires a showing that the unfair settlement practices be committed or performed with such frequency as to indicate "a general business practice." The court held that Section 38-61 (6) "require[s] a showing of more than a single act of insurance misconduct." Mead, 199 Conn. at 659.
Viewing the allegations of the first count in a manner most favorable to the plaintiff, Fairfield Lumber Supply Co. v. Herman139 Conn. 141, 144, the plaintiff has alleged more than a single act of misconduct by the defendant insurance carrier. The plaintiff has alleged insurance misconduct not only in the defendant's denial and later acceptance of the plaintiff's worker's compensation claim, but also in the defendant's refusal to abide by Insurance Commissioner's orders on several occasions. This case is unlike those cases where the insurer consistently CT Page 3075 denies coverage under the terms of the policy without the intervention of the Insurance Commissioner. See Randel v. New Hampshire Insurance Co., 2 CSCR 465 (1997) (Ryan, J.); Gomes v. Judd Puffer, Inc., 2 CSCR 65 (1986) (O'Brien, J.).
The court will next consider defendant's argument that CUIPA does not grant plaintiff a private cause of action. See generally Mead, 199 Conn. at 656-657, 509 A.2d at 14-15. It is now established that Connecticut courts have construed CUIPA to imply a private cause of action for monetary damages against an insurer for alleged unfair trade practices. See Thompson v. Aetna Life Casualty Co., 2 CSCR 648, 649 (1987) (Satter, J.) citing Griswold v. Union Life Ins. Co., 186 Conn. 507, 442 A.2d 926 (1982). Accordingly, the plaintiff may bring a private cause of action against the defendant insurance company under CUIPA.
The defendant has also moved to strike the third count of the complaint by relying on the rule stated in Mead that insurance practices which do not violate CUIPA will not support a CUTPA claim. The defendant argues that since the plaintiff has failed to allege a general business practice as required by CUIPA, and since the CUTPA claim relies on the CUIPA allegations, therefore the plaintiff cannot maintain the CUTPA action. Although the defendant is correct in stating the legal relationship between CUIPA and CUTPA, see Mead, 199 Conn. at 661-666, 509 A.2d 17-19, its argument nevertheless fails because the court has found that the first count of the plaintiff's revised complaint has alleged sufficient acts of insurance misconduct to sustain the CUIPA claim.
For the foregoing reasons, the defendant's motion to strike counts one and three of the plaintiff's revised complaint is denied.
HAMMER, JUDGE.