[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
The plaintiff has moved this court for an order protecting her from being required to appear in Connecticut to have her deposition taken. The plaintiff pleads that this trip from Florida where she now lives to Connecticut would cause her a financial hardship. She has produced a sworn financial affidavit which indicates that it would be a financial hardship for her to travel to Connecticut.
The plaintiff cites as authority for this court to entertain and order the protective relief sought the case of Nancy Sansone, et al v. Matthew Haselden, 1 Conn. L. Rptr. 520
(1990). In the Sansone case the defendant Haselden resided in Texas and asked for an order protecting him from appearing in Connecticut to have his deposition taken. Another defendant, Walter Willis, who resided in Missouri, also requested the same protective order. In the Sansone matter the plaintiff submitted an affidavit that she could not afford to pay for her attorney to go to Texas to take Haseldon's deposition. Judge Berdon ordered Haselton to appear, at his own expense, in the State of Connecticut for a deposition.
Section 246 of our practice book headed "Deposition Place of Deposition", paragraph b, states as follows:
 A plaintiff who is not a resident of this state may be compelled by notice under section 244(a) to attend at the plaintiff's expense an examination in a county of this state where the action is commenced or is pending or at any place within thirty miles CT Page 8614 of the plaintiff's residence or in such other place as is fixed by order of the court.
The defendants argue that the law in this state is that a plaintiff must pay for his or her own expense to come to Connecticut for a deposition. They cite as authority the case of Kostek v. 477 Corporation, 30 Conn. Sup. 334. In Kostek the defendant notified the plaintiff that it was going to take her deposition in Connecticut. The plaintiff, who was described as a resident of Connecticut in the writ of summons, was a resident of the state of Florida at the time of the requested deposition. The plaintiff filed an objection to the taking of her deposition which the court and counsel treated as a protective order. The plaintiff indicated that she would be willing to come to Connecticut if the defendant would pay for all reasonable costs in her doing so. The court in Kostek (a 1974 case) indicated that there were no reported Connecticut on the point and then looked at the Federal Rules of Procedure. After examining the Federal Rules, the court stated:
 Since attendance at a distance examination may involve considerable travel expense for the party and his counsel as well as other persons, some sort of protective order may be required to prevent hardship and injustice. In exercising their discretion in the issuance of such orders, the courts have drawn a distinction between plaintiffs and defendants. Since the plaintiff has chosen the forum in which to bring the suit, he is generally required to attend an oral examination in that district even though his residence may be half way around the world. A nonresident defendant, on the other hand, may usually insist that his deposition be taken only where he resides or does business. These rules have sometimes been relaxed, however, to accommodate special circumstances of the parties. Such flexibility seems proper, since a rigid distinction between the parties may be difficult to justify when applied, for example, so as to impose upon a plaintiff who has been compelled by the requirements of jurisdiction and venue to sue in a highly inconvenient forum the added burden of appearing there person to have his deposition taken. In such circumstances, an order that the deposition be taken upon CT Page 8615 written interrogatories, or that the defendant pay part or all of the plaintiff's expenses, may be warranted.
As already found by the court, the plaintiff cannot afford to pay all of the expenses that may be incurred in her coming to Connecticut for the deposition. Therefore, unless the defendant agrees to a deposition upon written interrogatories, the order of protection is granted to the following extent.
The plaintiff is to come to Connecticut for the deposition upon the defendant providing round fare travel expense. The cost of lodging and food and other incidental expenses are to be borne by the plaintiff.
So ordered.
W. JOSEPH McGRATH, JUDGE.