[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER #193
The issue in this motion is whether the defendant's motion for protective order regarding his deposition be granted on the ground that since the defendant is a nonresident, his deposition cannot be held in Connecticut.
It is found that it is within the court's discretion to grant the defendant's motion for protective order.
The defendant, Carl Decker, seeks a protective order to prevent his deposition from being held in Connecticut. Decker is not a resident of Connecticut. The plaintiff objects to the motion for a protective order. CT Page 11063
 A defendant who is not a resident of this state may be compelled: (1) By subpoena to give a deposition in any county in this state in which personally served, or (2) By notice under Sec. 244(a) to give a deposition at any place within 30 miles of the defendant's residence or within the county of his residence or at such other place as is fixed by order of the court.
Practice Book § 246(c). "No hard rule should be set to govern when the court should exercise its discretion to order an out-of-state defendant to appear in Connecticut or some other place not specifically provided for in § 246(c)." Sansone v. Haselden,1 Conn. L. Rptr. 520, 521 (1990).
 Since attendance at a distant [deposition] may involve considerable travel expense for the party and his counsel as well as other persons, some sort of protective order may be required to prevent hardship and injustice. In exercising their discretion in the issuance of such orders, the courts have drawn a distinction between plaintiffs and defendants. Since the plaintiff has chosen the forum in which to bring the suit, he is generally required to attend an oral examination in that district even though his residence may be halfway around the world. A nonresident defendant, on the other hand, may usually insist that his deposition be taken only where he resides or does business. These rules have sometimes been relaxed, however, to accommodate special circumstances of the parties.
(Internal quotation marks omitted.) Medina v. King ConnEnterprises, 6 CSCR 1003 (October 17, 1991, McGrath, J.).
 Some of the factors [the court] should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of the out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was CT Page 11064 personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining the discovery through other means such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.
Sansone v. Haselden, supra.
In a companion case to Sansone, the plaintiff objected to the defendant's motion for a protective order on the ground that she lacked sufficient funds either to take the defendant's deposition in his home state or to pay the defendant's expenses to travel to Connecticut. Id., 521. The court ruled that the plaintiff should have stated these matters in affidavit form and that the defendant should be given the opportunity to submit an affidavit regarding his circumstances. Id. The court granted the protective order without prejudice to the plaintiff "to seek the court's permission to have the defendant's deposition taken in Connecticut upon filing a motion and appropriate supporting affidavit." Id.
In the present case, the plaintiff has not filed an affidavit with his objection to the motion for a protective order, stating his circumstances to support the reasons for his objection. Therefore, it is within the court's discretion to grant the motion for a protective order without prejudice to the plaintiff to file another motion with a supporting affidavit.
The motion is granted without prejudice to file the motion again with a supporting document.
WILLIAM J. McGRATH, JUDGE
CT Page 11065
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 11065-I