[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER (#124)
On November 15, 1993, the plaintiff, Mark Antonios, filed a single count complaint against the defendant, Farmers Insurance Exchange, seeking uninsured motorist benefits for damages allegedly sustained as a result of an automobile accident that occurred in the state of California. The complaint alleges that the terms of the policy issued by the defendant provide for arbitration of uninsured motorist claims in the county and state of residence of the insured. The complaint further alleges that a demand was made against the defendant and that it has refused to compensate the plaintiff. The plaintiff seeks money damages and an order compelling the defendant to submit to arbitration.
On January 25, 1995, the defendant filed a motion for summary judgment, accompanied by the affidavit of its senior claims representative, Carol L. Nelson. Thereafter, the plaintiff served Nelson with a notice of deposition which directed the defendant to appear in Waterbury for deposition. On July 27, 1994, the defendant filed the operative motion seeking an order that the deposition instead occur in Dublin, Ohio, the state and county of its residence. In response, the plaintiff filed an objection and motion to compel deposition. On August 8, 1995, this court denied the motion for protective order.
On August 21, 1995, the defendant filed a motion to reargue the motion for protective order. The court granted the motion on August 30, 1995, and oral argument was heard on October 30, 1995.
"Any party may be compelled by notice to give a deposition."Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 143,470 A.2d 246 (1984); Practice Book § 246. Practice Book § 246 also describes the various locations where depositions may be held and provides in relevant part:
 (c) A defendant who is not a resident of this state may be compelled: . . .
(2) By notice under Sec. 244(a) to give a CT Page 1420-AA deposition at any place within 30 miles of the defendant's residence or within the county of his residence or in such other place as is fixed by order of the court. . . .
 (e) In this section, the terms "plaintiff" and "defendant" include officers, directors and managing agents of corporate plaintiffs and corporate defendants or other persons designated under Sec 244(g) as appropriate. . . .
(Emphasis added.) At the same time, Practice Book § 221 provides in relevant part that "upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . ." "In ruling on a protective order, the court has discretion."Gomes v. Judd Puffer, Superior Court, judicial district of Waterbury, Docket No. 75024 (November 26, 1986, O'Brien, J., 2 CSCR 64).
Although "a nonresident defendant may usually insist that his deposition be taken only where he resides or does business, these rules have sometimes been relaxed to accommodate special circumstances of the parties." Kostek v. 477 Corp.,30 Conn. Sup. 334, 336, 316 A.2d 423 (1974). "No hard rule should be set down to govern when the court should exercise its discretion to order an out-of-state defendant to appear in Connecticut or some other place not specifically provided for in 246(c) for a deposition. The court in exercising its discretion must do so in a manner which accommodates the special circumstances of each case." Sassone v. Hasseldon, Superior Court, judicial district of New Haven at New Haven, Docket No. 291167 (April 18, 1990, Berdon, J., 1 Conn. L. Rptr. 520). In Sassone, the court offered the following analytical framework:
 Some of the factors [the court] should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of the out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship CT Page 1420-BB that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining the discovery through other means such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.
Id.
In Gomes v. Judd Puffer, supra, the defendant insurance company moved for a protective order to prevent the plaintiff from requiring its claims adjustor to travel to Connecticut for a deposition. The court, first noting its discretion in the matter, concluded that the status of the deponent as a claims adjustor for the defendant justified holding the deposition in Connecticut. Id. In the instant matter, the defendant has chosen this forum to litigate this claim. It is not unreasonable that it should bear the expense of making an employee of its available for a deposition in the forum that it has chosen, especially in view of the fact that it has submitted an affidavit signed by that employee to this court. The court therefore shall deny the defendant's motion for protective order.
/s/ Pellegrino, J.
PELLEGRINO