THE FAIRFIELD LUMBER & SUPPLY COMPANY ET AL.
*v.* MILTON J. HERMAN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 3—decided July 15, 1952

*Nelson Harris,* for the appellants (plaintiffs Pagliuco et al.).

*David R. Lessler,* with whom, on the brief, was *Robert N. Hunziker,* for the appellee (defendant).

INGLIS, J.   The question upon this appeal is whether the five plaintiffs, having been promised by the defendant that he would compensate them for labor and materials furnished by them in the erection of his dwelling house, may maintain a single action against him in the Superior Court when the amount in demand claimed by four of them, if treated individually, would be within the exclusive jurisdiction of the Court of Common Pleas.

The allegations of the complaint may be summarized as follows:   All the plaintiffs either furnished materials or rendered services or both for the defendant in the construction of his house.   The general contractor was Julius A. Hubler, who became a bankrupt.   In consideration of the plaintiffs' continuing upon the original contract and completing the house, the defendant promised the plaintiffs that

he would pay them in full for the materials, work, labor and services furnished and rendered by them. Relying upon that promise, the plaintiffs performed, but the defendant has refused to pay them. The amount due the plaintiff Fairfield Lumber & Supply Company is $9866.50. There is due to the plaintiff Pagliuco, for painting, $2000; to the plaintiff Casale, for mason work, $1570; to the plaintiff Meno, for plumbing, $300; and to the plaintiff Perisky, for electrical work, $1160.71. Each of the plaintiffs also claims interest from June, 1950, but that item is not sufficient in amount to bring the total of the claim of any of the four plaintiffs last mentioned up to $2500. The ad damnum claimed damages for each of the plaintiffs separately.

The defendant moved to erase the causes of action of the plaintiffs Pagliuco, Casale, Meno and Perisky from the docket for want of jurisdiction. The motion was granted. Judgment was rendered dismissing the causes of action of these four individual plaintiffs, and from that judgment this appeal has been taken.

The case presents two questions of law: first, whether these plaintiffs may join in bringing a single action, and, second, what court, if any, has jurisdiction of the combined action. The first question finds its answer in § 7824 of the General Statutes, which reads in part as follows: "All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise. . . ." That is to say, the plaintiffs were permitted to join in one action if their respective rights of relief arose out of the same

transaction or series of transactions and if any common question of law or fact was involved.

"A motion to erase under our practice serves the same purpose as a demurrer. It admits all well pleaded facts and invokes the existing record and must be decided upon that alone." *Reilly* v. *Antonio Pepe Co.*, 108 Conn. 436, 443, 143 A. 568; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 A. 940. In passing upon a motion to erase, the allegations of the complaint should be given such construction as is most favorable to the plaintiffs. *Rutt* v. *Roche,* 138 Conn. 605, 609, 87 A.2d 805; *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224. Every presumption which favors the jurisdiction of the court should be indulged. *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.,* 139 Conn. 16, 17, 89 A.2d 377.

It appears from the complaint in the present case that, although the obligation of the defendant to each of the plaintiffs was several, his promise to all of them was made at the same time. It was made as a consequence of the bankruptcy of the general contractor and to accomplish the completion of the work which the plaintiffs had agreed with the general contractor to do. This rearrangement of the plaintiffs' contracts for labor and materials was all one transaction. See *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.,* 63 Conn. 551, 560, 29 A. 76. The rights to relief of all the plaintiffs arose out of the same transaction. Moreover, their causes of action involved common questions of fact, i. e., what was said at the conference at which the defendant is alleged to have made the promise and what were the circumstances which led up to the making of it. It follows that, pursuant to § 7824, it was proper for the plaintiffs to join in one action provided any

one court had jurisdiction of all their causes of action.

This brings us to the crucial question of the case: Does the Superior Court have jurisdiction of all the causes of action alleged in the complaint? Section 7740 of the General Statutes provides that, subject to the provisions of § 7579, which are not material to the present inquiry, the Court of Common Pleas shall have exclusive jurisdiction in all civil actions for legal relief "wherein the matter in demand shall exceed one hundred dollars, but shall not exceed twenty-five hundred dollars." The "matter in demand" claimed by each of the four plaintiffs against whom the motion to erase was directed was obviously less than $2500. *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28, 170 A. 478. Ordinarily, where several separate claims are joined in one suit the jurisdiction of the court is determined by the amount in demand on each claim separately. *Friede* v. *Jennings,* 121 Conn. 220, 230, 184 A. 369. This is true even though the total sum demanded on all the claims is in excess of the jurisdiction of the court which has jurisdiction of each claim separately. *Johnson* v. *Cooke,* 85 Conn. 679, 683, 84 A. 97. Before the enactment of the portion of § 7740 quoted in the next paragraph, it was held that the Superior Court had no jurisdiction of a count alleging a claim for an amount less than its minimum jurisdiction, although another count in the same action set forth a cause of action which was within its jurisdiction. *Brennan* v. *Berlin Iron Bridge Co.,* 75 Conn. 393, 396, 53 A. 779.

It is clear, therefore, that in the present case the Superior Court would have no jurisdiction to adjudicate the claims of the four individual plaintiffs even though they were joined with the claim of the Fairfield Lumber & Supply Company, which is

within the jurisdiction of the court, unless it be by authority of another provision of § 7740. That provision is: "If two or more civil actions shall arise out of the same cause of action and the amount of relief demanded in either of said actions shall exceed twenty-five hundred dollars, such actions may be returned to the superior court." Whether this case comes within that provision turns very largely on the meaning of the words "the same cause of action" as used therein. Did the rights to relief of all five plaintiffs arise out of the same cause of action?

In *Veits* v. *Hartford,* 134 Conn. 428, 58 A.2d 389, we had for decision the question whether a plaintiff who had been injured in a fall on an icy public sidewalk might, in the one action, sue the city for a defective street and the abutting property owner for the maintenance of a nuisance which created the slippery condition. The statute governing the joinder of causes of action, now General Statutes, § 7819, provides among other requirements that if two or more separate causes of action are joined they must all affect the same parties. Inasmuch as the plaintiff was, in the same action, seeking to hold either the city or the property owner, two different parties, it became necessary to decide whether the plaintiff was suing on two separate causes of action, which under the statute could not be joined, or upon a single cause of action. After an exhaustive review of the authorities, we made the following statement (p. 434): "A synthesis of these decisions leads to this conclusion: Where the facts forming the basis upon which the plaintiff claims relief constitute a single transaction or occurrence, he may sue in one action two or more defendants against whom he claims relief, and it does not matter that they may be liable concurrently, successively or in the alterna-

tive, or that the relief against each has a different legal basis. We can then define a cause of action under the provision in question as meaning a single group of facts which are claimed to have brought about an unlawful injury to the plaintiff for which one or more of the defendants are liable, without regard to the character of the legal rights of the plaintiff which have been violated . . . . In order that the facts upon which the plaintiff relies shall constitute a single group, they must form the primary basis of recovery against each of the several defendants, although as to some of them further facts need to be proved . . . ."

The essence of the foregoing is that a cause of action, as the phrase is used in § 7819, is the single group of facts which gives rise to one or more rights to relief. It is obviously in the same sense that the phrase "cause of action" is used in § 7740. The only difference is that in § 7740 the phrase "cause of action" may refer to the rights to relief in several plaintiffs against one defendant instead of to the rights to relief of one plaintiff against several defendants. To constitute a single cause of action, there must be a single group of facts out of which rights to relief arise. When this occurs the rights to relief which arise may be many and they may be enjoyed by or imposed upon more than one individual. And it may be that a right to relief for or against some of the parties will require proof of certain facts in addition to those included in the single group. As used in § 7740, a "cause of action" means a single group of facts out of which arises one or more rights to relief.

With that definition of cause of action in mind, we turn to a consideration of whether the portion of § 7740 last quoted is applicable so as to vest juris-

diction of the present case in the Superior Court. The phrase "two or more civil actions" clearly is broad enough to include civil actions on behalf of two or more plaintiffs which are joined pursuant to § 7824. It is significant that the provisions in question were adopted at the same session of the General Assembly; Sup. 1941, §§ 808f, 822f; and, in adopting the portion of § 7740 which we have quoted, the legislature must have had in mind the joinder of plaintiffs as provided in § 7824. All five of the actions joined in the present complaint arose, as has already been stated, out of a single transaction—out of a single group of facts. That group of facts consisted of the events leading up to and including the promise made by the defendant to the plaintiffs as an inducement for their continuing to complete the house and the breach of that promise. All the actions, therefore, arose out of "the same cause of action." The amount in demand in one of the actions, that of the Fairfield Lumber & Supply Company, exceeded $2500. It follows that the statutory provision in question fits the present case exactly. Therefore, the Superior Court had jurisdiction to entertain all the actions combined in one.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase and to proceed in accordance with law.

In this opinion the other judges concurred.