[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant American Dairy Queen is a franchisor of frozen dairy products under the name of "Dairy Queen" and food products under the name "The Brazier." Each of the several plaintiffs owns and operates a franchise of the defendant. The plaintiff's complaint alleges that the defendant's failure to renew existing franchise agreements in unconscionable and constitutes unfair trade parties.
The defendant first moves to strike the complaint on the grounds of misjoinder of the parties. Where a plaintiff's right to relief arises out of the same transaction as that of other plaintiffs and common questions of fact are involved in each case, the parties may be joined as plaintiffs. Fairfield Lumber and Supply Co. v. Herman, 139 Conn. 141, CT Page 3889 144-45 (1952); See also Conn. Practice BK. 84. While the dates for renewal of each franchise agreement may differ in this case, the same transaction (re: decision not to renew the franchise agreements) is involved as are common questions of fact. Therefore, misjoinder of the parties is not present in this case.
The defendant next asserts that the complaint should be striken because it fails allege facts to support a conclusion of unconscionability or unfair trade practices. A motion to strike admits all well-pleaded facts and construes such facts in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 180, 182-83 (1980). The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingactios v. CBS, Inc., Conn. 91, 108 (1985). In determining whether an unfair trade practice exists, a court considers the following factors: "1.) Whether the practice necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise . . . 2.) Whether it is immoral, unethical, or unscrupulous; 3.) Whether it causes substantial injury to consumers [competitors or other businessmen]." McLaughlin Ford v. Ford Motor Co., 192 Conn. 558, 568 (1984). The plaintiffs have alleged, in essence, that the defendant failed to renew their franchise agreements and notified the plaintiffs of this decision at least six months prior to termination as required by the franchise agreement. The plaintiffs were also informed that each could agree to a new franchise agreement. The actions described were contractually permissible under the terms of the agreements each plaintiff had with the defendant. Therefore, that the facts alleged do not rise to the level of unfair trade practices. Similarly, even when viewed most favorably to the pleader, the facts alleged do not sustain a claim of unconscionability. This failure to sufficiently allege unfair trade practices and unconscionability requires that he complaint be stricken.
Accordingly the motion to strike is granted.
BYRNE, JUDGE