[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 30, 1992, the named plaintiff filed a complaint against the defendants Quality Roofing Co., Inc. [hereafter "Quality"] and Great American Northeast, Inc. [hereafter "Great American"]. On May 22, 1992, the plaintiff moved to certify the action as a class action pursuant to Practice Book 87 and 88. On December 7, 1992, after a hearing, the court (Leheny, J.) sustained the defendant Great American's objection to the motion to certify the class action, thus denying class action status. On December 11, 1992, the plaintiff filed an amended complaint, removing the class action allegations, and also moved to add 69 identified party plaintiffs to this action. Both defendants have CT Page 4826 objected to the latter motion. Those objections are the subject of this ruling.
The essence of this lawsuit is a claim for reimbursement for lost overtime pay. The plaintiff, a corrections officer at the Bridgeport Correctional Center [hereafter "BCC"], has alleged that as a result of a fire at the BCC on July 3, 1990 he has lost overtime pay since that date. The first count against Quality sounds in negligence and the second and third counts against Great American allege bad faith and CUTPA claims which arise from its alleged refusal to reimburse the plaintiff for his claim of lost overtime pay. The plaintiff further alleges in each count that as a "correctional officer employed full time by the State of Connecticut" he is "compelled to work overtime hours which constitutes his weekly contractual pay." See Amended Complaint 1 and 2 of each count.
The plaintiff's Motion to Add Party Plaintiffs is in fact a motion for joinder brought pursuant to the provisions of Conn. Gen. Stat. 52-104 and Practice Book 84. These provisions are identical and provide, in pertinent part, as follows:
 All persons may be joined in one action as plaintiff in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common questions of law or fact would arise; provided, if, upon the motion of any party, it would appear that joinder might embarrass or delay the trial of the action, the court may order separate trials, or make such other order as may be expedient . . . .
(Emphasis supplied)
In his Memorandum of Law Re: Motion to Add Party Plaintiffs, the plaintiff asserts that certain facts are common to himself and the 69 individuals he wishes joined in this action:
 1) the individuals . . . were all COs who were employees of the State of Connecticut employed at the [BCC]; 2) All COs so employed were subject to Article 15., of the Contract . . . 3) All individuals . . . experienced a loss of overtime due to the fire on July 3, 1990 . . . . All individuals made more overtime pay in fiscal year 1989-1990 prior to the fire CT Page 4827 of 7/3/90; than in fiscal year 1990-1991.
The defendants do not contest, for the purposes of deciding this motion, these asserted common facts. See Defendant Quality's Memorandum of Law in Opposition to Motion to Add Party Plaintiffs, P. 3.
The defendants argue that, notwithstanding the asserted common facts, joinder is inappropriate in this case because the prospective plaintiffs' rights to relief do not arise out of the "same transaction or series of transactions" as that of the named plaintiff. The word "transaction" is commonly employed and understood to mean "something which has taken place whereby a cause of action has arisen." Craft Refrigerating Machine Co. v. Ouinnipiac Brewing Co., 63 Conn. 551, 560-61 (1893). See Black's Law Dictionary. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197 (1952). "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." Pavelka v. St. Albert Society, 82 Conn. 146, 147 (1909). See Burgess v. Vanguard Ins. Co., 192 Conn. 124, 125-26 (1984).
Although the plaintiff originally asserted that the transaction in this case was the July 3, 1990 fire, the parties now appear to agree that the transaction which provides the plaintiffs a primary right, if any, is the employment relationship between the correctional officers and the State of Connecticut.[1] The defendants assert that the prospective plaintiffs' right to relief, if any, has its source in their individual employment relationship with the state and, further, that the amount of overtime, if any, each correctional officer may have lost due to the fire depends on that officer's independent circumstances. See Memorandum of Law in Opposition to Motion to Add Party Plaintiffs, p. 5. The plaintiff relies on the employment contract[2], specifically Article 15, and argues that it "clearly denotes the employment of the Plaintiffs sought to be added as a common transaction." See Reply to Memorandum of Law in Opposition to Motion to Add Party Plaintiffs.
Since there is no claim in this case for any physical injuries resulting from the fire of July 3, 1990, the employment relationship, as evidenced by the contract, must be viewed as the CT Page 4828 "transaction" here while the fire is simply a common fact. The question then is whether this employment relationship is the "same transaction" within the meaning of the statute and Practice Book provisions.
While each of the prospective plaintiffs is subject to the same employment contract as the named plaintiff, that does not end the inquiry but rather begins it. The article governing overtime must be examined. Article 15, Section Two, provides in pertinent part:
 Voluntary Overtime Distribution. All overtime work, including overtime holdovers caused by short notice of absence, shall be distributed equally to employees within the same job class as each institution, regardless of shift who have volunteered for such overtime. . . . At the beginning of each quarter, employees seeking overtime shall sign up for overtime . . . .
(Emphasis supplied.)
Thus, contrary to the plaintiff's assertion that overtime was mandatory for himself and the other correctional officers, see Memorandum of Law Re: Motion to Add Party Plaintiffs, the contract provides for voluntary overtime, distributed equally within the same job class, to those who sign up for overtime for a particular quarter. The contractual provision supports the defendants' position that each correctional officer therefore has an independent employment relationship with the state with respect to overtime. Certainly, each prospective plaintiff's decision to choose overtime for a particular quarter is an independent decision not connected to any other plaintiff. Moreover, separate proof would have to be offered to establish each prospective plaintiff's primary right to overtime under the terms of the contract and the amount of loss incurred which would require proof of quarters volunteered in the past, job class and the availability of overtime, among other things. Accordingly, since each prospective plaintiff's right to relief is independent of the others and independent of the named plaintiff, the requirements for joinder under 52-104 and Practice Book 84 have not been met.
The defendants argued in the alternative that the statute of limitations bars the claims of the prospective plaintiffs.[3] In CT Page 4829 light of the ruling above, it is unnecessary to address that claim.
Therefore, for the foregoing reasons, the objection to the motion to add party plaintiffs is sustained and the motion to add party plaintiffs is denied.
LINDA K. LAGER, JUDGE