[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT PCOLKA'S MOTION TO STRIKE
Defendant moves to strike counts three, five, seven, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-two, and twenty-three of plaintiffs' revised complaint on the ground of misjoinder.
General Statutes section 52-104 governs joinder of plaintiffs and consolidation of causes, and it provides; in pertinent part, that:
 All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise; provided, if, upon the motion of any party, it would appear that the joinder might embarrass or delay the trial of the action, the court may CT Page 9050 order separate trials, or make such other order as may be expedient. . . .
A "`transaction is something which has taken place whereby a cause of action has arisen.'" DeFelippi v. DeFelippi, 23 Conn. Sup. 352,353, 183 A.2d 630 (1962), quoting Craft Refrigerating Machine Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 560,29 A. 76 (1893). A transaction must "`consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned and by which the legal relations of such persons between themselves are altered. . . .'" DeFelippi v. DeFelippi, supra, 353.
Proper joinder of parties and claims requires something more than separate allegations of wrongdoing levied against a common defendant. For example, plaintiffs' rights to relief, and common factual questions, arise out of the same transaction when a defendant's alleged wrongdoing originates from a simultaneous event. Fairfield Lumber Supply Co. v. Herman, 139 Conn. 141, 144,90 A.2d 884 (1952) (defendant's promise to pay plaintiffs during course of single meeting constitutes single transaction and presents common questions of fact). Similarly, for purposes of joinder, a series of transactions, and multiple questions of law and fact, have been found where allegations of a company-wide policy designed to inflict the particular injury have been made. Blesedell v. Mobil Oil Co., 708 F. Sup. 1408, 1422 (S.D.N Y 1989). A series of transactions, and common legal and factual questions, have also been found where plaintiffs were exposed over a period of years to a harmful condition located at a single location. Anaya v. Superior Court (Dow Chemical Co.),206 Cal.Rptr. 520, 523 (Cal.App. 1 Dist. 1984).
Conversely, no common question of law or fact was found where two plaintiffs, involved in two different accidents, sued one defendant, and the court concluded that more than one question must be litigated. Myers v. Long, 23 Conn. Sup. 93, 94,176 A.2d 886 (1961). Separate and distinct plaintiffs suing to recover damages for alleged wrongdoing occurring on separate and distinct premises, and for alleged wrongdoing involving separate and distinct property, does not constitute a single transaction nor a related series of transactions. Coleman v. Twin Coast Newspaper, Inc., 346 P.2d 488, 490 (Cal.Dist.Ct.App. 1959). Even if related cases are similar, if there are "substantial enough factual distinctions surrounding each plaintiff's [injury] . . ." it will be "impractical to try all the cases to the same jury." Moorhouse v. CT Page 9051 Boeing Co., 501 F. Sup. 390 (E.D. Pa. 1980).
In the present case, each plaintiff alleges a separate cause of action against defendant Raymond Pcolka, in which each seeks damages for defendant's alleged sexual abuse, sexual exploitation, and/or assault. The complaint alleges that defendant "sexually abused, sexually exploited and sexually assaulted" each plaintiff on numerous occasions during particular time periods. Plaintiffs do not allege that defendant's acts as to any one plaintiff are in any manner related to the acts alleged by any other plaintiff. For purposes of joinder, the separate causes of actions, as alleged, do not constitute a single transaction or a related series of transactions. In addition, the factual questions surrounding each plaintiff's cause of action are sufficiently distinct to warrant a finding that common questions of law and fact are lacking.
Therefore, defendant Pcolka's motion to strike is granted.
Freedman, J.