[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTUAL BACKGROUND
By way of the original complaint, filed on June 23, 1993, the plaintiff alleged certain injuries and losses arising from a motor vehicle accident with the defendant, occurring on November 20, 1990. By way of a one count amended complaint dated November 3, CT Page 2171 1993, the plaintiff has included a new paragraph, paragraph 7, seeking recovery for loss of earning capacity. The allegations of loss of future earning capacity contained in the amended complaint were not in the original complaint. On December 17, 1993, the defendant moved to strike this paragraph of the plaintiff's amended complaint on the ground that the facts alleged in the paragraph constitute a claim for lost wages which is barred by the statute of limitations.
DISCUSSION
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." (Emphasis added.) Babych v. McRae, 41 Conn. Sup. 280, 281, 567 A.2d 1264
(1990). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19, 520 A.2d 217 (1987).
The defendant's motion to strike attacks only a single paragraph of the complaint. "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Michaud v. St. Mary's Hospital,4 Conn. L. Rptr. 442, 443 (August 21, 1991, Byrne, J.)
 If the pleading being demurred to contains a single count or a single defense, the demurrer must be addressed to the entire complaint or defense. It may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs, which must set up a cause of action or defense. A demurrer will be sustained only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof is by itself demurrable.
(emphasis added.) Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.), quoting Stephenson, Connecticut Civil Procedure, 94(a), p. 190; see also Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.); The Grove Corporation v. Tinty,3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.).
In his memorandum in support of the motion to strike, the CT Page 2172 defendant argues that paragraph 7 of the amended complaint alleging loss of future earnings is a separate cause of action. "To constitute a single cause of action, there must be a single group of facts out of which rights to relief arise. When this occurs the rights to relief which arise may be many and they may be enjoyed by or imposed upon more than one individual." Fairfield Lumber 
Supply Co. v. Herman, 139 Conn. 141, 147, 90 A.2d 884 (1952).
In the present case, there was only one "single group of facts" out of which any alleged rights of relief arose, namely the car accident. The plaintiff's amended complaint merely adds an additional injury or claim for relief. Because the defendant's motion to strike attacks only one paragraph of the plaintiff's one count cause of action, it must be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion To Strike (#116) is denied.
So ordered.
Michael Hartmere, Judge