[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT SHARP ELECTRONICSMOTION TO STRIKE (#120)
By amended revised complaint filed March 24, 1994, the four plaintiffs, Markman T.V. ("Markman"), Pace Electronics ("Pace"), Hamden Television Clinic, (Hamden) and Snow's Electronics ("Snow's"), seek a declaratory judgment as to the applicability of General Statutes § 42-110w to their respective service agreements with the defendants, Sharp Electronics Corporation ("Sharp"), Thomson Consumer Electronics, Inc., Philips Consumer Electronics Company and Emerson Radio Corporation. The plaintiffs' prayer for relief includes a request for an injunction requiring the defendants to comply with General Statutes § 42-110w, and a request for attorney's fees under § 42-110g.
The plaintiffs allege the following facts. All four plaintiffs are in the business of providing services and repairs of receiving equipment, as defined in General Statutes § 20-342, to customers who are not covered by any warranty protection. The plaintiffs are also designated to honor the terms of the defendant manufacturers' express warranties, and all of the plaintiffs have provided services or repairs required under the defendants' warranties. In their separate counts, the plaintiffs allege that each defendant has failed and/or refused to reimburse each plaintiff for the cost of providing these services in an amount identical to the amount normally charged by the plaintiffs to customers without warranty protection, in violation of General Statutes § 42-110w.
The following counts of the amended revised complaint are brought against Sharp: count one, brought by Markman; count two, brought by Pace; and count three, brought by Snow's. Hamden has not made claim against Sharp. The remaining counts are asserted by all four plaintiffs against all other named defendants.
Before the court is Sharp's motion to strike the entire revised complaint, asserting that it improperly joins the parties and their respective claims. At oral argument on the motion to strike, the parties agreed that the operative complaint is the amended revised complaint filed March 24, 1994. CT Page 5252
A motion to strike is "[t]he exclusive remedy for misjoinder of parties." Practice Book § 198. A motion to strike may also be used to challenge "the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts." Practice Book § 152(4); seeHartzheim v. Derekseth Corp., 2 CSCR 537 (April 10, 1987, Noren, J.). In reviewing a motion to strike, the court is limited to the facts alleged in the complaint and must construe the facts in the manner most favorably to the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Sharp first argues that the plaintiffs are improperly joined because the claims of each plaintiff against each defendant arise out of transactions distinct from those involving any other plaintiff or defendant. The plaintiffs argue in response that although each set of parties may have an independent relationship, each of the defendants is required to comply with General Statutes § 42-110w, which they have not done. Therefore, the plaintiffs argue that they are entitled to join together to bring this declaratory judgment action.
General Statutes § 52-104 provides, in pertinent part, that:
 All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise. . . .
(Emphasis added.) See also Practice Book § 84.
Pursuant to this statute, plaintiffs may "join in one action if their respective rights of relief [arise] out of the same transaction or series of transactions and if any common question of law or fact [is] involved." Fairfield Lumber Supply Co. v.Herman, 139 Conn. 141, 143-44, 90 A.2d 884 (1952). "`[A] transaction is something which has taken place whereby a cause of action has arisen.'" DeFelippi v. DeFelippi, 23 Conn. Sup. 352,353, 183 A.2d 630 (Super.Ct. 1962), quoting Craft RefrigeratingMachine Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 560, 29 A. 76
(1893); see also Rosado v. Bridgeport Roman Catholic DiocesanCorp., 8 CSCR 1064 (September 13, 1993, Freedman, J.), Villegas v.CT Page 5253Quality Roofing Co. Inc., 8 CSCR 595 (May 17, 1993, Lager, J.). "`It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. . . .'" DeFelippi v.DeFelippi, supra, quoting Craft Refrigerating Machine Co. v.Quinnipiac Brewing Co., supra, 560.
"Proper joinder of parties and claims requires something more than separate allegations of wrongdoing levied against a common defendant." Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, 8 CSCR 1064 (discussing the "series of transactions" requirement). "Even if related cases are similar, if there are `substantial enough factual distinctions surrounding each plaintiff's [injury] . . .' it will be `impractical to try all the cases to the same jury.'" Id., quoting Moorhouse v. Boeing Co.,501 F. Sup. 390 (E.D. Pa. 1980).
In the present case there are substantial factual distinctions with regard to each plaintiff's injury. The plaintiffs have attached, as Exhibit A, the rates charged by Markman to customers who are not covered by warranty protection; as Exhibit B, the rates charged by Pace to customers who are not covered by warranty protection; and, as Exhibit C, the rates charged by Snow's to customers who are not covered by warranty protection. The plaintiffs allege that the each defendant has violated General Statutes § 42-110w by "fail[ing] and/or refus[ing] to reimburse plaintiff[s] for the cost of providing the services or repairs required under defendant's warranties in an amount identical to the amount charged by plaintiff[s] for services and repairs . . . to customers who are not covered by any warranty protection."
It is clear that the plaintiffs have failed to allege facts to support their claim that this action arises "out of the same transaction or series of transactions." Rather, the plaintiffs' complaint indicates that each plaintiff has a different business relationship and operates under a different service agreement with each defendant. The plaintiffs have improperly joined in this action.
Sharp also argues that its motion to strike should be granted on the ground that the plaintiffs' claims are improperly joined because they do not arise out of the same transaction or series of transactions connected with the subject of the action. The plaintiffs argue in response that their claims are properly joined, CT Page 5254 as "[e]ach cause of action involved . . . affects every other party to this action." According to the plaintiffs, the issue is whether, pursuant to General Statutes § 42-110w, "the defendants may set reimbursement rates unilaterally, or whether they are required to reimburse the service providers for their actual costs of providing repairs."
General Statutes § 52-97 provides, in pertinent part, that:
 In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action . . . but, if several causes of action are united in the same complaint, they shall all be brought to recover, either . . . upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action.
(Emphasis added.) See also Practice Book § 133.
As stated above, the complaint indicates that each plaintiff has a different business arrangement and operates pursuant to a different service agreement with each defendant. For the same reasons discussed above with respect to improper joinder of parties, the court finds that the plaintiffs' claims have been improperly joined.
For the foregoing reasons Sharp's motion to strike is granted, insofar as it pertains to the claims against Sharp. However, Sharp has no standing to move to strike counts four through twelve, to which it is not a party. See Bombriant v. Cityof New Haven, 25 Conn. Sup. 339, 203 A.2d 609 (Super Ct. 1964)
The motion to strike filed by the defendant Sharp Electronics Corporation (#120) is granted with respect to counts one, two and three of the amended revised complaint filed March 24, 1994.
William Hadden, Jr., Judge CT Page 5255