[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this action, the plaintiff filed a two count complaint against the defendant alleging intentional infliction of emotional distress and tortious interference with a contract. In count one the plaintiff alleges that at all relevant times he and the defendant were employed by Titan Sports, Inc. ("Titan"), and that the defendant was his superior. The plaintiff alleges that during his employment, the defendant began a campaign of harassment directed at him, including the making of unwelcome and unsolicited sexual advances, that were intended to inflict extreme emotional distress on him. As a result of the defendant's alleged conduct, the plaintiff allegedly suffered extreme emotional distress.
In count two, the plaintiff further alleges that he had an employment contract and relationship with Titan, that the defendant threatened to disrupt and interfere with the plaintiff's employment contract and relationship, and in fact the defendant did intentionally disrupt and interfere with the plaintiff's employment contract and relationship, causing Titan to terminate the plaintiff's employment.
The defendant has filed a motion to strike a portion of the first count of the plaintiff's complaint relating to allegations of imputed knowledge and count two of the complaint in its entirety on the ground that the allegations are legally insufficient to state a cause of action.
In accordance with Practice Book § 152 a party may contest the legal sufficiency of any count of a complaint by filing a motion to strike the count. See, Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). In considering a motion to strike, the court is "limited to considering the grounds specified in the motion."Kopsick v. Yale University, 6 Conn. L. Rptr. 895 (June 24, 1992, Maiocco, J.), quoting Meredith v. Police Commissioner of Town ofNew Canaan, 182 Conn. 138, 438 A.2d 27 (1980).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The CT Page 11848 facts to be considered by the court on a motion to strike include the facts that are implied and fairly provable under the allegations.Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992).
The defendant has moved to strike the portion of count one of the plaintiff's complaint that relates to allegations of imputed knowledge. Specifically, the defendant argues that the allegation that the defendant should have known that emotional distress was likely to result, which is contained in paragraph 6 of the complaint, is a negligence concept that falls under the Workers' Compensation Act, and therefore, that portion of the complaint fails to state a cause of action upon which relief can be granted.
A motion to strike that is directed at a single paragraph of a complaint is technically improper if the paragraph does not purport to state a cause of action. See Fromkin v. Brown, 9 CSCR 329 (March 3, 1994, Hartmere, J.); see also Moscariello v. Savo, Superior Court, judicial district of Waterbury, Docket No. 111735 (January 11, 1994, Sylvester, J.) (a motion to strike may not challenge a subparagraph of a count unless it sets forth a separate and distinct cause of action);Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987. Wagner. J.) (a demurrer "may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading not the individual paragraphs, which must set up a cause of action or defense."). Furthermore, there must be a "single group of facts out of which rights to relief arise" in order to constitute a single cause of action. See Fromkin v. Brown, supra, 9 CSCR 329, quoting Fairfield Lumber Supply Co. v. Herman, 139 Conn. 141,147, 90 A.2d 884 (1952).
In the present case, count one of the plaintiff's complaint alleges a cause of action for intentional infliction of emotional distress. The portion of subparagraph six which the defendant contends related to implied knowledge does not state or purport to state a separate cause of action. See Fromkin v. Brown, supra, 9 CSCR 329. Accordingly, the defendant's motion to strike that portion of count one is improper and is denied.
The defendant further argues that count two of the plaintiff's complaint should be stricken because the plaintiff has failed to allege that the defendant has personally benefitted [benefited] from his acts that allegedly led to the termination of the plaintiff.
In support of his argument, the defendant relies on Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 480 A.2d 253 (1984, CT Page 11849 Cioffi, J.). The plaintiff argues that he has sufficiently pleaded a cause of action and also relies on Murray for support of the contention that a cause of action for tortious interference is properly pleaded if it alleges that acts of the defendant were actuated by personal feelings against the plaintiff.
In Murray, the court recognized that an agent of a principal can be held liable for interfering with or inducing his principal to breach a contract "if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." Id., 61. The court stated that the plaintiff had failed to allege that the individual defendants had profited in any way by inducing the breach, or that the acts of the defendant were actuated by personal feelings of against the plaintiff, and accordingly, the court held that the plaintiff's claim for tortious interference with a contract was defective.Id.
Furthermore, it is well settled that a plaintiff must plead improper motives or means on the part of the defendant in order to sustain a cause of action for tortious interference with contractual relations. SeeBlake v. Levy, 191 Conn. 257, 262, 464 A.2d 52 (1983). The requirement that the defendant's conduct be tortious may be satisfied by showing that "the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." Id., 261, quoting Kecko Piping Co. v. Monroe, 172 Conn. 197, 201-02,374 A.2d 179 (1977).
In count two of the plaintiff's complaint, he incorporates the allegations of count one, including the allegation that the defendant began a campaign of harassment that was directed at him and which included the repeated making of unsolicited and unwelcome sexual advances towards him. Furthermore, in count two of the complaint, the plaintiff alleges that as part of the campaign of harassment, the defendant threatened to disrupt and interfere with his employment contract and relationship with Titan. Viewing these allegations, and the facts implied and provable under the allegations, in the light most favorable to the plaintiff, the court finds that the plaintiff has sufficiently alleged improper motives and means on the part of the defendant. See Blake v. Levy, supra,191 Conn. 261-62; see also Murray v. Bridgeport Hospital, supra, 40 Conn. Sup. 61. Accordingly, the defendant's motion to strike is denied as to count two of the complaint. CT Page 11850