[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION ON DISMISS AND/ORCT Page 1848TO DEFER JURISDICTION
On December 28, 1994 the defendant filed a motion for contempt claiming that the plaintiff mother had denied him visitation with the minor child in November and December 1994, denied his visitation with the child during the Christmas recess, denied him telephone contact with the child, and failed to cooperate in furnishing IRS tax forms.
The defendant thereafter, on February 6, 1995 filed this motion to dismiss or to defer jurisdiction. The motion to dismiss challenges the subject matter jurisdiction of the court and must be determined before the court take any further steps on motions pending before the court.
It is unnecessary to recite the entire litany of the proceedings in this court from the time of the commencement of this action. Suffice it to note from a review of the file that the relationship between the parties has been replete with contentiousness and rancor, which has resulted in frequent judicial intervention much of which has involved the continuing problems of custody and visitation as concerns the minor child.
The dissolution action was commenced by service of process on December 11, 1991. The pleadings reveal that both of the parties were resident of the State of Connecticut for at least one year prior to the commencement of the action. The court entered the decree of dissolution on August 14, 1992. By agreement of the parties, the court awarded joint legal custody to the husband and wife, with primary residence to be with the plaintiff wife, and three pages of detailed visitation for the plaintiff father. Thereafter, a series of motions were filed concerning aspects of visitation and custody. September 24, 1992, January 28, 1993, March 24, 1993, March 30, 1993, April 22, 1993, May 6, 1993, May 11, 1993, May 27, 1993, June 1, 1993, June 29, 1993, July 15, 1993, July 12, 1993, July 20, 1993, August 6, 1993, August 16, 199e [1993], November 30, 1993, December 2, 1993, November 29, 1993.
The plaintiff mother removed the child to Florida in late Spring of 1993 without making any prior arrangements for visitation by the father. This Court, Barall, J., ordered CT Page 1849 that the child be returned to Connecticut, by order of July 27, 1993. The record does not contain any compelling reason for the plaintiff's move to Florida — such a presence of family, job opportunity or the like. The reason given to the court, Barall, J., was "enrolling in a cosmetology school in Florida." This move appeared to Judge Barall to be a rather thinly veiled rationale for removing the child to avoid the supervision of this court as concerns custody and/or visitation. This court sees nothing in the record to indicate to the contrary.
On January 11, 1994 the Court accepted the stipulation of the parties, allowing the child to reside with the mother in Florida, with monthly visitation for the child here in Connecticut, reasonable mail and telephone access, unrestricted, between child and father, school vacation visitation, sharing of Christmas vacation, sharing of Summer vacation, and the like. It appears that the visitation schedule has proceeded reasonably well, at least until November 1994 — four months ago.
The plaintiff makes this motion to dismiss, claiming that the child has been living in Florida for a year prior to the time of this motion, and that the child is now enrolled in kindergarten in Florida. The defendant counters that the relatives of the child, both paternal and maternal side, are here in Connecticut, the child has monthly physical presence here in Connecticut, as well as vacation time, and that the Family Relations office of the Superior Court is eminently familiar with this matter and all of the background attached thereto.
Connecticut General Statutes Sec. 46b-93 provides "(a) The Superior Court shall have jurisdiction to make a child custody determination by initial or modification decree if: . . .; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child or his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; . . ."
The court finds that the said criteria have in fact been satisfied in this case, as aforesaid. The mere fact that the CT Page 1850 child is living with the plaintiff mother in another state under a detailed visitation schedule approved by this court and agreed to by the parties does not alter that conclusion. The mere fact that the child is enrolled in kindergarten in that other state does not alter that conclusion. There may come a time in the future when the child's integration into the Florida community eventually becomes such that her connection with this state, Connecticut, may become tenuous and superficial with the engagement of extracurricular, community and social activities which are inherently involved in the "growing up" process. Enrollment in kindergarten does not rise to such a level of integration. Reference is made to the entire text of Kioukis v. Kioukis, 185 Conn. 249 (1981) for further articulation of the relation ship of the original state and the diminution of connection so as to become tenuous to a degree which dictates a change of jurisdiction.
Both mother, it is represented, and child are frequently within this state by virtue of the visitation schedule. School records, health records and the like from Florida are available through the Business Record Statute concerning the admissibility of evidence. Family members living in Connecticut should be available to testify in this case as would be the staff of the Family Relations Office of the Superior Court. The plaintiff's assertion that Connecticut is a forum non-conveniens is without merit.
"Every presumption which favors the jurisdiction of the court should be indulged." Fairfield Lumber Supply Co. v.Herman, 139 Conn. 141, 144 (1952).
The motion to dismiss/to defer jurisdiction is denied.