[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION RE: JURISDICTION
The State of Connecticut files this "Motion re Jurisdiction claiming that, because it has intervened in this case due to the fact that it has provided benefits under Title IV-D of the Social Security Act, the case must be heard by a Family Support Magistrate by virtue of the provisions of Connecticut General Statutes § 46b-231.
This case has been remanded to the trial court a second time. See Favrow v. Vargas, 231 Conn. 1, August 1994. The matter was previously tried to this court, appealed, and remanded to this court for "a new hearing on the petition." See Favrow v. Vargas, 222 Conn. 699 (July 1992). The original action between the original parties, Lucy Favrow and Jacqueline Vargas was tried in the Superior Court, this Court, Judge Kaplan having entered the child support order on July 16, 1991. During the pendency of the remanded trial, the State of Connecticut intervened on February 25, 1993, when it was notified that Lucy Favrow had applied for and was receiving AFDC public assistance benefits.
The State of Connecticut became a party to the second appeal, which resulted in the present remand. This court notes that the State of Connecticut did not question the jurisdiction of this court at the time of its intervention, nor was the matter of jurisdiction raised by any of the parties, or by the Supreme Court on its own initiative, in the second appeal. See the latest remand opinion, 231 Conn. 1, supra. The substantive issues raised by the State, concerning the substance of the appeal, are discussed in significant detail in the Supreme Court's decision, 231 Conn. 1, supra. Be that as it may, the question of subject matter jurisdiction may be raised at any time during the course of the CT Page 2941 proceedings, and is required to be determined at this time.
Connecticut General Statutes § 45b-215 (a) grants to the Superior Court or a family support magistrate the authority to make and enforce orders for payment of support. The statute allows the guardian of the minor to commence the action against any person who neglects or refuses to furnish support to his or her child. These proceedings were commenced by the guardian in the Superior Court and not in the "family support magistrate division." The case has been tried twice to final judgment in the Superior Court.
The State, joined by the petitioner, claims that because C.G.S. § 46b-231 provides that "Family support magistrates shall hear and determine matters involving child and spousal support in IV-D support cases brought pursuant to C.G.S. § 46b-215" the Superior Court lacks jurisdiction to hear this case, brought pursuant to that statute, C.G.S. § 46b-231, by a private individual.
It is clear that the Superior Court had jurisdiction to hear this case. The case could have been brought to the Superior Court or to the family support magistrate, at its inception. It was brought to the Superior Court. The State, and now the petitioner, claim that once the State intervenes during the course of the proceedings the Superior Court loses jurisdiction of the case.
The state sets forth no authority to support its contention that its intervention in the private support proceedings brought to the Superior Court causes the Superior Court to in some fashion lose jurisdiction. The jurisdiction of the Superior Court is conferred by C.G.S. § 46b-215.
It is possible to argue that Paragraph (4) of Subsection (M) of C.G.S. § 46b-231, captioned "Magistrates powers and duties" may confer exclusive jurisdiction upon the Family Support Magistrate Division for motions for modification ofexisting child and spousal support orders entered by the Superior Court in IV-D support cases. For those motions the above cited C.G.S. § 46b-231 (M)(4) states that such motions . . ." shall be brought in the family support magistrate division and decided by a family support magistrate . . ." Whether this provision is a jurisdictional statement or rather is merely directive as to the appropriate choice of forum, CT Page 2942 venue rather than jurisdiction, need not be here decided. This is an action seeking original orders.
The state argues that C.G.S. § 46b-231 (M)(2), captioned "Magistrates powers and duties . . ." directs that this case must be determined by the family support magistrate division. The state relies upon the wording of that section, which states "Family support magistrates shall hear and determine matters involving child and spousal support in IV-D support cases. . . ." This section, (M)(2), as concerns original actions, contains no words of exclusivity, such as would be the case if the section, as concerns original actions, stated "`all' matters", "every" matter or the like. Words which may give rise to an argument concerning exclusivity apply only to motions for modification in this statute section. This section does not direct the bringing of an original action to the family support magistrate division. The court cannot read into C.G.S. § 46b-231 a directive by the legislature to the effect that this statute either did, intended, to remove from the Superior Court its jurisdiction as specifically conferred by C.G.S. § 46b-215. The powers and duties granted to the magistrates are not exclusive in this matter.
"Every presumption which favors the jurisdiction of the court should be indulged." Fairfield Lumber Supply Co. v.Herman, 139 Conn. 141, 144 (1952). This court will adhere to both the letter and the intent of the Supreme Court mandate to try what is now a complex multi-party action. "Upon remand, the trial court shall hold a new hearing . . ." Favrow v.Vargas, 231 Conn. 1, 42 (1994).
The motion to transfer (remand) to the Family Support Magistrate Division is denied.
L. Paul Sullivan, J.