[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 20, 1994, Brian Blair and Jim Brunzell filed a five count complaint against Titan Sports, Inc. (Titan) for actions arising from professional wrestling booking agreements. The complaint was revised on February 12, 1995 and amended on July 25, 1995. Titan filed a motion to strike paragraphs 10(c) and 10(e) of the first count, and the third and fifth counts in their entirety on the ground that the counts are legally insufficient.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A CT Page 503 motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
at 215.
Count one contains the factual allegations to support the complaint, and specifically alleges a breach of the booking agreements in a number of ways enumerated in paragraphs 10(a)-(g). "[A] motion to strike a single paragraph is improper when the paragraph does not purport to state a separate cause of action."Edelwich v. 33 Summer Associates, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV93 0527767 (May 19, 1994, Hennessey, J.). "To constitute a single cause of action, there must be a single group of facts out of which rights to relief arise. Fairfield Lumber Supply Co. v. Herman, 139 Conn. 141,147, 90 A.2d 884 (1952). Paragraphs 10(c) and 10(e) do not, standing alone, purport to state a cause of action, but instead build on and are dependent upon other subsections within the complaint. Accordingly, the motion to strike paragraphs 10(c) and 10(e) is denied.
Titan argues that the third count should be stricken because the plaintiffs, in alleging a breach of the duty of good faith and fair dealing, have failed to allege bad faith. The plaintiffs respond that the complaint provides a sufficient factual basis. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement.Havetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligations, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Id. at 237. The complaint alleges a breach by "failing to inform [plaintiffs] of the contracts and agreement which it entered into, by entering into contracts or agreements calling for initial or `up front' payments in lieu of payments made specifically for the sale or distribution of merchandise, by incorrectly calculating the compensation due to Blair and Brunzell . . . and by failing to pay them the amounts due thereunder." (Complaint ¶ 15.) The count incorporates the first ten paragraphs of the complaint. The complaint alleges an improper interpretation of the contract, but contains no language that establishes tortious conduct. While the plaintiff's memorandum of law presents a scenario involving an improper motive, that scenario is not found in the complaint. Accordingly, the motion to strike CT Page 504 count three is granted.
Titan moves to strike count five on the ground that the statute of limitations for a Connecticut Unfair Trade Practices Act (CUTPA) claim is three years and any violation must have occurred between 1985 and 1988 when the plaintiffs wrestled for Titan. The plaintiffs argue that they have alleged a continuing course of conduct which tolls the statute of limitations. Titan responds that actual discovery of the injury will commence the statute of limitations period.
No action may be brought under CUTPA more than three years after the occurrence of the alleged violation. General statutes § 42-110g(f). The statute of limitations will toll when "a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of the defendant related to the prior act." Fichera v. Mine Hill Corporation, 207 Conn. 204, 210
(1988). Titan cites Cummings Co. v. Hancock Mutual Life Insurance, Superior Court, Judicial District of New Haven, Docket No. 252295 (December 18, 1990, Reynolds, Trial Referee) for the proposition that the statute of limitations is only availing to toll the statute until the date the fraud was discovered. The Supreme Court has held, however, that CUTPA does not provide that the limitations period is delayed until the date the injury is discovered.Fichera, supra, 207 Conn. 212; Cummings Co., supra.
The date of discovery is irrelevant unless there is an allegation of fraudulent concealment. Id. Furthermore, the complaint is silent on when the plaintiffs discovered the fraud. Except in a failure to warn case[1], the court has found no authority, and Titan has supplied no authority, where a court found a continuing course of conduct but did not allow the action because the plaintiffs knew of the breach or fraud. The plaintiffs have alleged continuing conduct (Complaint ¶ 22), later wrongful conduct in that each time a payment became due Titan committed a separate violation, and a continuing fiduciary duty. Taking the allegations in the complaint as true, the motion to strike is denied as to count five. See Szabo v. Scopp, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 046555 (April 5, 1995 (Curran, Trial Referee).
In summation, the motion to strike is granted as to count three, but denied as to paragraphs 10(c) and 10(e) in count one and CT Page 505 as to count five.
RICHARD J. TOBIN, JUDGE