[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT SEVEN OF REVISED COMPLAINT
This is an eight-count action to recover damages from an insurance company and its agent for failure to properly insure plaintiff's boat which was destroyed by fire, and for engaging in unfair settlement practices in resolution of his claim. Count Six is a CUTPA claim against the insurance company and Count Seven is a CUIPA claim against the insurance company.
Defendant moves to strike Count Seven of the Revised Complaint dated July 22, 1992, on the grounds that (1) plaintiffs have failed to allege a general business practice as required under CUIPA, and (2) CUIPA does not permit a private cause of action.
 I.
In Count Seven plaintiff has alleged a number of violations of C.G.S. 38a-316 (CUIPA) without separating which violations fall under subsection (1) or subsection (6) of that section. We find it unnecessary to determine whether those alleged violations support a "general business practice" under subsection (6) or whether there are legally sufficient allegations under subsection (1), since the second ground advanced by defendant, is, in our view, determinative of this motion to strike.
 II.
The question of whether a private cause of action can be based directly on an alleged violation of CUIPA has not been specifically addressed by our Appellate or Supreme Court. CT Page 1509
At least two judges have concluded that there is no direct private cause of action under CUIPA, since it is essentially a regulatory statute governing the insurance industry and unlike CUTPA, does not expressly create a private cause of action. Lees v. Middlesex Insurance Co., 7 CLR No. 11, 297 (1992 — Lewis, J.). Scheer v. Chubb Son, Inc., 9 C.L.T. No. 17, p. 13 (Burns, J.D.Conn. 1982).
We have examined those superior court decisions which have ruled that a private cause of action may be based directly on a violation of CUIPA. These include Sambuco v. Aetna Casualty Surety Co., 4 Conn. L. Rptr. 74 (May 4, 1991), Karazin, J.), Cecere v. EBI Indemnity Co.,2 Conn. L. Rptr. 520 (Oct. 1, 1990 Hammer, J.) and Thompson v. Aetna Casualty Co., 2 CSCR 648 (May 15, 1987, Satter, J.).
Those cases conclude that a private cause of action may be implied under CUIPA, at least as it pertains to a directly insured plaintiff. They recognized that our Supreme Court in Mead v. Burns, 199 Conn. 651 (1986) in holding that C.G.S.38a-816(6) — then 38-61(6) — required a litigant to prove more than a single act of misconduct to establish a claim of unfair insurance practices expressly declined to rule as to whether a private action could be brought under CUIPA. Mead determined, however, that it was possible to state a cause of action under CUTPA for a violation of CUIPA but characterized CUIPA as a penal statute requiring a construction "limiting rather than expanding civil liability."
We read the Mead decision as limiting the scope of CUIPA as far as private actions are concerned and are persuaded by the reasoning in Lees and Scheer, supra.
Motion to Strike Count Seven granted.
Wagner, J.