[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a two-count action by a beneficiary under a will against an attorney and his law firm alleging legal malpractice and breach of contract arising out of the defendants drafting of the will for one Robert C. Swain, which was executed on December 9, 1988, several months before his death.
The second amended complaint alleges that for tax purposes, Swain's will established a generation skipping trust for each of Swain's two children, the plaintiffs, Mary Cole, and Robert J. Swain. These two trusts have been merged into a single trust. The CT Page 8991 will gives Mary Cole the power to remove and appoint any trustee of the trust, as well as the power to terminate the trust in favor of any beneficiary, including herself. Plaintiffs claim that testator's attempt to protect the trust corpus from tax will fail because it creates a general power of appointment in Mary Cole, and makes the trust corpus includable in her gross estate at her death, rather than skipping to the estates of her descendants. Plaintiffs allege the defendants committed further malpractice after Swain's death, by negligently failing to timely advise Mary Cole of her ability to disclaim her right to terminate the trust in her favor, thus avoiding any adverse tax consequences arising from the alleged defects in Swain's will. Plaintiffs allege present damages "by virtue of their estate planning being significantly affected" as well as future damages arising on the death of Mary Cole. The plaintiffs allege that they have the ability to enforce the contract as third-party beneficiaries of Swain's will.
Defendants move to strike both counts on the ground that the plaintiffs fail to state a claim upon which relief can be granted in that: (1) the plaintiffs have failed to allege an injury; (2) as a matter of law, the plaintiffs will not suffer adverse tax consequences as a result of the estate plan in the will; (3) the plaintiffs' claim is misplaced because it is based on a future injury; (4) as a matter of law, the defendants are not liable to the plaintiffs because the case involves a mistake of judgment on an unsettled question of law; and (5) the plaintiffs fail to state a claim because they allege liability after the death of the defendants' client, Swain.
I.
Defendants claim that plaintiffs have failed to allege a sufficient injury, that they will not suffer adverse tax consequences as a result of the estate plans in the will, and that any injuries alleged will take place in the future.
A court should not grant a motion to strike that takes issue with those facts well-pleaded in the complaint. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It may well be that the Internal Revenue Service will not interpret the will to create a general power of appointment in Mary Cole, but plaintiffs claim that such interpretation is likely.
An affidavit of an expert in estate planning, Joan L. Bozek, retained by plaintiffs, tends to confirm the sufficient likelihood of such a result so at least to remove it from the area of speculation. CT Page 8992 Where the facts provable in a complaint would support a cause of action, a motion to strike must be denied. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490 (1992).
II.
The defendants claim that any duty that the defendants may have owed the plaintiffs is one that arose out of the attorney-client relationship between defendants and Swain, which ended upon Swain's death, and, accordingly, that they owed no duty to the plaintiffs. In support of their argument, the defendants cite two New York cases. In opposition, the plaintiffs argue that they may bring this action as intended beneficiaries of Swain's bequest.
In Stowe v. Smith, 184 Conn. 194 (1981), the Supreme Court reversed the trial court for granting a motion to strike a complaint in an action brought by a third party beneficiary who alleged legal malpractice against an attorney who drafted a will creating a trust, despite the fact that client for whom the will was drafted had died. In that case, the Supreme Court relied on the language in the complaint alleging that the attorney had "assumed a relationship not only with the testatrix but also with the intended beneficiaries."
The Supreme Court later limited the scope of the Stowe decision in Krawczyk v. Stingle, 208 Conn. 239 (1988) to exclude a suit by a third party beneficiary based on delay by the attorney, and suggested a five prong test before imposing liability: (1) whether the purpose of the legal work was to benefit the third party, (2) the forseeability of harm, (3) the proximity of injury to the conduct complained of, (4) the policy of preventing future harm and (5) the burden on the legal profession if liability were imposed. Krawczyk pp. 246, 247. In our view, under the allegations in this case, the plaintiffs, as intended beneficiaries of Swain's will, meet the five prong test of Krawczyk as well as the criteria in Stowe.
III.
The defendants further argue that they did not have a duty to advise Mary Cole of her ability to waive the power of appointment and, thus, avoid the alleged tax liability because any duty to Mary Cole ended with the termination of client relationship at Swain's death. Accordingly, they argue that the court should strike paragraph 9 of the complaint in which the plaintiffs allege CT Page 8993 liability for that failure to advise, since they cannot be liable for any malpractice alleged to have taken place after Swain's death.
An individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies an entire cause of action. Depray v. Saint Francis Hospital, 2 CSCR 691
(June 9, 1987, Dorsey, J.). A cause of action is "the single group of facts which gives rise to one or more rights to relief." Fairfield Lumber Supply Co. v. Herman, 139 Conn. 141, 147,90 A.2d 884 (1952).
Construing the complaint in the manner most favorable to the plaintiffs, paragraph 9 is merely a part of that group of facts in which the plaintiffs allege that the acts of the defendant amount to a breach of the applicable standard of care.
Defendants Motion to Strike is denied.
Wagner, Judge.