[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I
Introduction
The plaintiff, Infinity Ins. Co. (hereinafter Infinity) filed the instant complaint seeking a declaratory judgment that the defendant Denise E. Tompkins' insurance policy is void due to her material misrepresentations. Infinity alleges that it should not have to pay a claim for damages arising from a car accident in which her boyfriend, John Castellano, was driving, because he was not listed as one of the drivers on the defendant's application for insurance.
The defendant has filed an amended seven-count counterclaim seeking a declaratory judgment and damages. Infinity has now moved to strike count two (violation of General Statutes 38a-816(6) and (8) (CUIPA)), count six (breach of the covenant of good faith and fair dealing) and count seven (violation of General Statutes § 42-110a et seq. (CUTPA)).
 II DISCUSSION
 A.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Novametrix Medical Systems Inc. v. BOC GroupInc., 224 Conn. 210, 214-15 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. The CT Page 11871 motion "admits all facts well pleaded." Perryman v.Groton, 212 Conn. 138, 142 (1989). The standard is the same in attempting to strike a counterclaim. See Nowak v.Nowak, 175 Conn. 112, 116, (1978).
 B.
1.
Infinity first argues that the defendant may not maintain a private cause of action under General Statutes § 38-815 et seq., the Connecticut Unfair Insurance Practices Act (CUIPA), because the legislature has not expressly authorized such action. This is in contrast with General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). CUIPA authorizes the insurance commissioner to examine the business affairs of insurance practitioners and impose sanctions. General Statutes § 38a-815 et seq. CUTPA, on the other hand, provides that "any person" who suffers an ascertainable loss may initiate a lawsuit. General Statutes § 42-110g(a).
The Supreme Court has not expressly ruled on whether CUIPA authorizes a private cause of action. See Lees v.Middlesex Ins. Co., 229 Conn. 842, 847 n. 4, (1994). There is, however, a split of authority at the trial court level. Based on the specific language of the statute, a number of trial courts have found that there is no private cause of action under CUIPA. See, e.g., King v. Ehorn,8 CSCR 1299 (December 27, 1993, Rush, J.); Berman v.Prudential Ins. Co., 8 CSCR 806 (August 9, 1993, Lewis, J.); Warner v. Sanford Hall Agency, 8 CSCR 271 (March 15, 1993, Wagner, J.). The federal district court has found that there is no private right of action: "[u]nlike CUTPA, CUIPA does not expressly create a private right of action. Rather, it is a regulatory statute granting certain powers i to the insurance commissioner . . . . There is no provision for a private right of action." Scheer v.Chubb Son. Inc., 9 Conn. L. Trib. No. 17, P. 13, 16 (D. Conn., December 14, 1982, Burns, J.). This court agrees with this reasoning. It is the duty of the court to interpret statutes as they are written and not by construction read into statutes provisions which are not clearly stated (internal citations omitted). State v.Johnson, 227 Conn. 534, 542 (1993). The motion to strike CT Page 11872 this count is therefore granted.
2.
Infinity has moved to strike count six, concerning the alleged violation of good faith and fair dealing on the grounds that the defendant has not pleaded facts that support a breach of the covenant. The defendant has only alleged that Infinity failed to adequately investigate the claim and that Infinity's denial was based on information supplied by Infinity's agent, even though the defendant attempted to explain the "fraudulent practice" of the agent.
There is no dispute that an insurance contract contains an "implied covenant of good faith and fair dealing." Buckman v. People Express, Inc., 205 Conn. 166,170, (1987). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." L. F. Pace Sons. Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 46, cert. denied,201 Conn. 811 (1986) citing Gruenberg v. Aetna Ins. Co.,9 Cal.3d 566, 575, 510 P.2d 1032, 108 Cal Rptr. 480 (1973). Breach of contract based on tortious conduct "must be alleged in terms of wanton and malicious injury, evil motive and violence." Id., 48. "Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will."Buckman v. People Express, Inc., supra, 171 (citing jury instructions which were held to be proper).
The facts alleged by the defendant simply do not rise to the level of bad faith. Accordingly, Infinity's motion to strike count six of the amended complaint is granted.
3.
Infinity finally argues that the defendant has failed to state a CUTPA claim because the alleged misconduct arises out of an isolated incident.[1] This court agrees. "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816(6) require[s] proof, as under CUIPA, that the unfair settlement practice CT Page 11873 had been committed or performed by the defendant `with such frequency as to indicate a general business practice.'"Lees v. Middlesex Ins. Co., supra, 850. An insurance company's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Id., 849.
The alleged acts of misconduct by Infinity fall under § 38a-816(6), and the alleged acts all relate to a single insurance claim made by the plaintiff. The plaintiff's claim that such acts "will cause monetary losses to other consumers" does not suffice as an allegation that the alleged incidents are part of a "general business practice." Accordingly, since the plaintiff has failed to allege a cause of action based on more than an isolated incident, Infinity's motion to strike count seven of the amended counterclaim is granted.
Berger, J.