[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CERTAIN GROUNDS OF DEFENDANT'S MOTIONTO SET ASIDE THE VERDICT AND/OR JUDGMENT, OR IN THE ALTERNATIVE,A NEW TRIAL
The court denies the grounds specified by the defendant in CT Page 3853 paragraphs 1, 2, 3 and 5 of its motion to set aside the verdict and/or judgment, or in the alternative, a new trial as follows:
1. The defendant claims that the judgment obtained by stipulation between the plaintiff and White Wheeler was collusive as a matter of law for the reason that no trial or hearing was held and the plaintiff released White Wheeler from any obligation to pay the judgment.
The court denies the defendant's claim based on the decision of Mahalakos, J., dated January 10, 1992, denying the defendant's motion to strike certain counts of the complaint on such grounds.
2. The defendant claims that the insurance company's only obligation to pay any sums to plaintiff arose through its duty to indemnify White Wheeler and therefore, plaintiff has released White Wheeler from any responsibility to pay the judgment there is nothing to assign to plaintiff.
The defendant claims that the insurance policy is one of indemnity as opposed to general liability. "Whether an insurance contract is a liability policy or an indemnification policy depends on the intention of the parties, as evidenced by the phraseology of their agreement. . . . The chief difference between a liability policy and an indemnity policy is that under the former a cause of action accrues when the liability attaches, while under the latter there is no cause of action until the liability has been discharged, as by payment of the judgment by the insured. That is, under an indemnity policy the insured must have suffered an actual money loss before the insurer is liable. Policies which contain provisions that no action will lie against the insurer unless brought in the name of the insured for losses actually sustained and paid in money are generally held to be indemnity policies. . . ." Appleman, Insurance Law and Practice (Buckley ed.), § 4261. See also Cohn v. Pacific EmployersInsurance Co., 213 Conn. 540, 546-47 (quoting § 4261 and distinguishing an indemnity policy from a liability policy).
The insurance policy in the present case states in pertinent part:
1. Insuring Agreement.
 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of CT Page 3854 "bodily injury" or "property damage" to which this insurance applies.
In its simplest terms, the insurance policy is one of liability. Consequently, the defendant is liable for sums that the insured becomes legally obligated to pay, whether or not paid in fact.
The defendant argues that the Assignment of Rights and Claims is a release of White Wheeler from any responsibility to pay the judgment and there is nothing to assign the plaintiff. This is an issue of first impression in Connecticut.
Even if the agreement is a full release as advanced by the defendant, it does not operate to terminate the rights of the plaintiff. In deciding a case, also of first impression, in which the insured assigned his cause of action against the insurer to the injured victim in return for the victim releasing the insured from any obligation to satisfy the default judgment, the court inGray v. Grain Dealers Mutual Insurance Co., 871 F.2d 1128,1132-33 (D.C. Cir. 1989), stated:
 According to the insurance company, the release nullified the assignment of the claim because the release extinguished the basis for the assignment. . . . We note somewhat ruefully that there are no cases in the District [of Columbia] squarely on point. However, many other jurisdictions have considered similar transactions and the majority of them have allowed the transfer. (Emphasis added.)
The Gray court, in describing the insurance company defendant's argument as a "somewhat metaphysical contention," ultimately rejected that argument, deciding instead to adopt the position considered the majority opinion. Discussing the line of cases which reject the transaction in issue, the Gray
court continued:
 It is apparent that underlying the construction of the assignment and release made by those courts declining to uphold them is the concern . . . about collusion between the insured and the assignee.
Id. at 1133 citing Freeman v. Schmidt Real Estate and Insurance,
CT Page 3855755 F.2d 135, 138-39 (8th Cir. 1985), and Bendall v. White,511 F. Sup. 793, 794-95 (N.D. Ala 1981) (both relied upon by the defendant in the present case).
Accordingly, the court denies the defendant's claim based on its indemnification and nothing to assign argument.
3. The defendant claims that White Wheeler sustained no damages as the assignment released White Wheeler and therefore, there were no damages to be assigned to plaintiff.
The Stipulated Judgment reads in pertinent part:
 3. The Defendant, White Wheeler and Co., is indebted to and owes the Plaintiff the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000) as full settlement of this litigation by the Plaintiff directed against White, Wheeler and Co., Inc.
The plain unambiguous language of the stipulated judgment recognizes White Wheeler's legal obligation to pay the debt in the amount of $500,000.
The terms of the Assignment of Rights and Claims were such that the plaintiff received White Wheeler's rights to recover against the insurance policy in consideration for the plaintiff's promise to solely pursue collection and satisfaction of the Stipulated Judgment from the insurance company. The Assignment of Right and Claims states in pertinent part:
 By his signature below, the Assignee agrees to pursue collection and satisfaction of the $500,000.00 the Assignor owes the Assignee solely through assertion, enforcement and pursuance of the above-described rights, claims and chooses in action which are assigned, and the Assignee otherwise releases the Assignor and its officers from further liability regarding the payment and satisfaction of the judgment provided the Court orders the Stipulated Judgment accepted.
The Assignment of Right and Claims affirms the debt, states that it is still owed pursuant to the Stipulated Judgment and thenotherwise releases White Wheeler from further liability. Under the assignment, the plaintiff relinquished its rights to execute CT Page 3856 against any of White Wheeler assets except for its claim against the defendant.
In Siligato v. Welsh, 607 F. Sup. 743, 746-47 (D.C. Conn. 1985), the insurance company, an excess insurer, claimed that a settlement agreement entered into between the injured party and the primary insurer fully satisfied the injured party's damages because the injured party settled for less than the policy limit and excused the insured of any personal liability. The court found that the injured party had not released his claim against the insured despite the insurance company's argument to the contrary. The court stated at pages 746-747:
 A agreement not to satisfy a judgment out of their personal assets is no bar to his recovery of a judgment for his damages. . . An insured claimant who obtains a judgment may satisfy it against the defendant's property, i.e. personally, or by subrogating his claim against the defendant's insurer. Conn. Gen. Statutes § 38-175. The waiver of the right to satisfaction personally from a defendant is not a waiver of the right under the statute against the insurer.
The Assignment of Rights and Claims in the present case did not extinguish White Wheeler's indebtedness. Accordingly, the court denies the defendant's claim based on its no damages to assign argument.
5. The defendant claims that White Wheeler had nothing to assign the plaintiff because White Wheeler was not exposed to judgment in excess of the policy amount and, therefore, had no damages in relation to the plaintiff's bad faith claim.
To support this proposition, the defendant relies primarily on Kelly v. Williams, 411 So.2d 902 (Fla. 1982); ManchesterInsurance Indemnity Co. v. Grundy, 531 S.W.2d 493, 50-51 (Ky. 1975); and Romstadt v. Allstate Insurance Co., 844 S. Supp. 361 (Ohio 1994). The cases cited by the defendant concern bad faith claims predicted on the insurance company's wrongful failure to defend which may result in the insured being exposed to liability in excess of the applicable policy limits.
The claim made by the plaintiff in the present case is a claim sounding in the defendant's breach of its implied duty of CT Page 3857 good faith and fair dealing as opposed to a "bad faith/excess liability" claim. Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts. See Verrastrov. Middlesex Ins. Co., 207 Conn. 179, 190 (1988).
 It is manifest . . . that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort.
(Citation omitted; internal quotation marks omitted.) L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46 (1986). The duty has been defined as "an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faith to one's duty or obligation. . . [b]ad faith is . . . the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties." (Internal quotation marks omitted.) Buckman v. PeopleExpress, Inc., 205 Conn. 166, 171 (1987).
 Where the insurer has breached the contract of insurance by his wrongful denial of liability, the insured is released from the covenant against settlement or interference and may effect a reasonable and prudent settlement of the claim. . . . As held in Walters v. American Insurance Co.,
supra, 786, the plaintiff's "present rights against defendant are based upon defendant's breach of the insurance contract and not upon provisions of such contract requiring defendant to pay any amounts for which plaintiff has become legally obligated."
Alderman v. Hanover Insurance Group, 169 Conn. 603, 611-12
(1975).
Consistent with the decision in L. F. Pace Sons, Inc. v.Travelers Indemnity Co., supra, 9 Conn. App. 46, holding that the breach of the duty of good faith imposes liability in tort, the CT Page 3858 court finds that liability for the defendant's breach of the duty of good faith exposed it to damages in tort for White Wheeler's continuing indebtedness to the plaintiff in the amount of $500,000.
Accordingly, the court denies the defendant's claim based on no excess liability on the bad faith count.
Hendel, J.