[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (NO. 124)
The plaintiff purchased three condominium units from the named defendant, First Federal Savings and Loan. The plaintiff alleges that the units were uninhabitable at the time of the sale and subsequent closing, that First Federal intentionally misrepresented the true condition of the units to several potential buyers, one of which was the plaintiff, and that plaintiff only learned of the true condition of the units after the closing. The defendant has now moved to strike counts Two, Three, Four and Five of plaintiff's revised complaint, along with several of its prayers for relief.
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted.) Mingachos v.CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings which are the subject of the motion to strike in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
Count Two of the plaintiff's amended complaint dated July 12, 1995 states, in pertinent part: "[T]he Defendant . . . [failed] to fully disclose the physical condition of the Premises and to inform the Plaintiff that the Premises were uninhabitable . . . The Defendant, First Federal, intentionally misrepresented the true condition of the Premises to the Plaintiff prior to selling the Premises to the Plaintiff . . . The Plaintiff has been damaged by First Federal's intentional misrepresentation in that it has been unable to use the Premises for their intended purposes."
The defendant claims this count should be stricken because it CT Page 291 fails to allege the essential facts necessary to state a cause of action for intentional misrepresentation: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Miller v. Appleby,183 Conn. 51, 54-55, 438 A.2d 811 (1981). "[T]he mere allegation that fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v.Phillips, 139 Conn. 79, 81, 90 A.2d 1959 (1952).
A review of the revised complaint confirms that the plaintiff has failed to allege sufficiently all the essential elements of a claim for intentional misrepresentation. The defendant's motion to strike count two is therefore granted.[1]
The defendant asks that count three be stricken because it claims that there can be no cause of action against a unit owner under General Statutes § 47-270(c)[2] of the Common Interest Ownership Act (CIOA). That statute states, in part, that "a unit owner shall furnish to a purchaser or such purchaser's attorney, before conveyance, a copy of the declaration . . ." The plaintiff alleges in count three that the defendant never filed the necessary written request to the condominium association for the required documentation, in order to comply with § 47-270(b).
The defendant, however, points out that § 47-270 requires the association, not the unit owner, to provide this documentation and specifically states that the unit owner is not liable for the association's failure or delay in providing it. Furthermore, it claims that § 47-270(c) only provides relief until the time of conveyance. Thus, the defendant contends plaintiff is without a remedy, even if the defendant did fail to comply with the statute.
The court has found no reported cases addressing this section of CIOA in general and this issue in particular. It appears, however, that the intent behind the statute was to provide the prospective buyer with access to necessary information prior to the purchase and to create a system for forcing compliance if the Association fails to provide the information. The statute is silent as to the remedy, if any, if the Unit Owner fails to request the information from the association. CT Page 292
Moreover, the statutory remedy may not be extended beyond the time of the conveyance. If the contract were unexecuted, the purchaser could seek to void it. Once the conveyance has taken place, however, the purchaser is limited to remedies that might be available to it outside of this particular statute. The motion to strike count three is therefore granted.
The defendant has moved to strike count four based on its claim that the implied warranty of quality provided by General Statutes § 47-275 applies only to a "declarant" and that First Federal was alleged only to be a "unit owner", not a "declarant."
General Statutes § 47-202(12) states:
 Declarant means any person or group of persons acting in concert who (A) as part of a common promotional plan, offers to dispose of his interest in a unit not previously disposed of or (B) reserves or succeeds to any special declarant right.
General Statutes § 47-202(32) states, in relevant part: "`Unit Owner' means a declarant or other person who owns a unit . . ."
The defendant argues that the plaintiff failed to allege that the defendant is a declarant and that simply stating that the defendant is a unit owner is insufficient. The plaintiff, however, alleges that since the definition of "Unit Owner" includes a declarant, it need not specifically plead that the defendant is also a declarant. The plain construction of §47-202(32) is controlling. Although § 47-202(12) does not specifically preclude a Unit Owner from also being a Declarant, § 47-202(32) also contemplates the possibility that a unit owner may be other than a declarant. By failing to allege that the defendant is a declarant, the plaintiff has failed to state a claim upon which relief may be granted as a matter of law. The motion to strike count four is therefore granted.
The defendant has moved to strike count five for failure to allege sufficient facts to establish a cause of action under the Connecticut Unfair Trade Practice Act [CUTPA]. "[A] violation of CUTPA[3] may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citation omitted.). Web Press ServicesCT Page 293Corporation v. New London Motors, Inc., 203 Conn. 342, 355,525 A.2d 57 (1987).
 In determining when a practice is unfair, we have adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)] . . . . (Citations omitted, internal quotation marks omitted.)
 A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215,579 A.2d 69 (1990).
The defendant alleges that the plaintiff failed to plead the CUTPA violations with particularity, and thus, has failed to state a cause of action upon which relief may be granted. The plaintiff, on the other hand, alleges that by incorporating the previous counts, it has pleaded with sufficient particularity. Because the viability of this count depends on the validity of counts which have already been stricken, however, the CUTPA count must be stricken as well.
Because the court has stricken those counts that would have entitled the plaintiff to seek rescission, punitive damages and attorney fees, that portion of the plaintiff's prayer for relief seeking such remedies is also stricken.
The motion to strike is therefore granted in its entirety.
Jonathan E. Silbert, Judge