[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #115
On August 2, 1995, the plaintiff, Jason Grant, filed a three count revised complaint against the defendant, Colonial Penn. Insurance Co. The plaintiff alleges that, although he is not the insured, he is entitled to receive $5,000.00 in basic reparations benefits under General Statutes § 38a-377, as a result of a car accident the plaintiff was involved in with the insured on November 7, 1993. The plaintiff alleges that, at present, the defendant has only paid $2,005.02 in reparation benefits to the plaintiff. The plaintiff alleges that because the defendant is refusing to pay the balance of the benefits, the plaintiff is prohibited from having knee surgery. The plaintiff further alleges that the defendant's refusal to pay the balance of the benefits is in violation of CT Page 483 General Statutes § 38a-377. In count two, the plaintiff alleges that the defendant's refusal to pay constitutes an unfair insurance practice in violation of General Statutes § 38a-815 (CUIPA), as well as a CUTPA violation under General Statutes § 42-110a. In count three, the plaintiff alleges that the defendant has breached the covenant of good faith and fair dealing that it owes to the plaintiff.
On August 23, 1995, the defendant moved to strike the plaintiff's entire complaint on the ground that it fails to state a legally sufficient cause of action. On September 20, 1995, in accordance with Practice Book § 155, the plaintiff filed an objection to the defendant's motion to strike accompanied by a memorandum in support of its' objection.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).
1. Count One-Breach of General Statutes § 38a-377
The plaintiff alleges in count one that the defendant has breached General Statutes § 38a-377 by refusing to pay for knee surgery requested by the plaintiff. The defendant argues that it is not in breach of § 38a-377 because the plaintiff has not incurred any economic loss or presented any allowable expense that the defendant is refusing to pay.
General Statutes § 38a-377 provides in relevant part, "[b]asic reparations benefits are payable as economic loss accrues. Economic loss accrues not when injury occurs, but as allowable expense, work loss or survivor's loss is incurred."
"The purpose of statutory construction is to give effect to the intended purpose of the legislature . . . . If the language of a statute is plain and unambiguous, we need look no further than, the words actually used because we assume that the language CT Page 484 expresses the legislature's intent." (Citation omitted.) Office ofConsumer Counsel v. Dept. of Public Utility and Control,234 Conn. 624, 662 A.2d 1251 (1995). The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise." (Internal quotation marks omitted.)Chavez v. Administrator Unemployment Comp. Act.,39 Conn. App. 441, 442, (1995), citing State v. Mattioli,210 Conn. 573, 576, 556 A.2d 584 (1989).
The language of General Statutes § 38a-377 clearly states that the plaintiff must incur economic loss in order to receive reparations benefits. The plaintiff has failed to show that it has incurred any loss with respect to the knee surgery. Thus, the plaintiff has failed to allege sufficient facts that demonstrate a breach of General Statutes § 38a-377 by the defendant. The First Count is stricken.
2. Count Two-CUIPA/CUTPA Violation
In count two the plaintiff alleges that the defendant's refusal to pay further no-fault benefits constitutes an unfair insurance practice in violation of General Statutes § 38a-815 etseq (CUIPA) and an unfair trade practice which amounts to a CUTPA violation under General Statutes § 42-110a et seq.
A claim under CUIPA "requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice . . . . In requiring such proof . . . the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Citations omitted; internal quotation marks omitted.) Lees v.Middlesex Insurance Co., 229 Conn. 842, 847-49, 643 A.2d 1282
(1994); Mead v. Burns, 199 Conn. 651, 666, 509 A.2d 11 (1986)Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 671,613 A.2d 838 (1992). Furthermore, "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice as required by [CUIPA]." Lees v. Middlesex, supra, 229 Conn. 849.
The plaintiff alleges that the defendant's refusal to pay for the requested knee surgery constitutes an unfair settlement practice as well as a CUTPA violation. The only allegation made by the plaintiff to support its claim of CUIPA/CUTPA violations is one paragraph in the plaintiff's revised complaint which states "[t]he CT Page 485 defendant has committed and/or performed with such frequency the above unethical and unscrupulous business practices as indicated in general business practice and pattern." (Plaintiff's revised complaint, ¶ 11). The plaintiff's statement is a conclusory allegation unsupported by any facts demonstrating that the defendant engaged in unfair settlement practices with enough frequency to constitute a general business practice. Thus, the plaintiff's CUIPA claim is legally insufficient.
With respect to CUTPA, the supreme court has held that "a CUTPA claim based on an alleged unfair claim settlement practice . . . required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." Lees v.Middlesex, supra, 229 Conn. 849.
Additionally, "[a] plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry."Waugh v. Nationwide Mutual Insurance Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244236 (January 5, 1995) (Silbert, J.) citing Mead v. Burns, supra, 199 Conn. 663-66. Thus, the plaintiff's CUTPA claim also fails as it is legally insufficient. The Second Count is stricken.
3. Count Three-Breach of Implied Duty of Good Faith and Fair Dealing
The plaintiff alleges in the third count that the defendant's refusal to pay no fault benefits constitutes a breach of the covenant of good faith and fair dealing. The defendant argues in response that such a duty exists only between the insured and the insurer, and only for said insurer's misconduct in refusing to settle within the applicable insurance policy.
"Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts." Buckman v. People Express,Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987); Black v. GoodwinLoomis Button Inc., Superior Court, judicial district of New London at New London, Docket No. 519101 (April 19, 1995) (Hendel, J., 13 Conn. L. Rptr. 574). "It is manifest . . . that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself." (Internal quotation marks omitted.) L.F. Pace Sons Inc. v. Travelers
CT Page 486Indemnity Co. 9 Conn. App. 30, 46, 514 A.2d 766 (1986).
In considering whether a good faith duty extends to third party claimants, our courts have stated, "[t]he law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing . . . . No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. " DeCormier v. GrangeMutual Casualty Company, Superior Court, judicial district of New London at New London, Docket No. 525835 (October 18, 1993) (Hurley J., 10 Conn. L. Rptr. 258). See also Peterson v. AllstateInsurance Co., Superior Court, judicial district at Hartford, Docket No. 387142 (September 17, 1992) (Hennessey, J.,7 Conn. L. Rptr. 376). Furthermore, "[a]n insurance company does not have a duty to settle fairly with third party claimants" Carroll v. SafecoInsurance, Superior Court, judicial district of Danbury, Docket No. 11750, (April 5, 1994) (Sullivan, J., 11 Conn. L. Rptr. 271), nor does a claimant have a direct cause of action against an insurance company of the tortfeasor. Richards v. Deaton, Superior Court, judicial district of Danbury, Docket No. 309417 8 Conn. L. Rptr. 493,8 CSCR 362 (March 11, 1993) (Fuller, J.).
In alleging a breach of the covenant of good faith and fair dealing, courts have stressed that such a claim "must be alleged in terms of wanton and malicious injury, evil motive and violence for, punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others . . . . In order to make [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits." Puglio v. NationalGrange Mutual Ins., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303610 (October 12, 1993) (Maiocco, J.).
The plaintiff's third count is legally insufficient since the duty of good faith and fair dealing does not extend to the plaintiff, who is not a party to the insurance contract. Furthermore, the third count must fail because the complaint does not include any specific allegations which demonstrate bad faith on the part of the defendant. The Third Count is stricken.
LAWRENCE L. HAUSER, JUDGE CT Page 487