[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON GOLDEN RULE INSURANCE COMPANY'S MOTION TOSTRIKE DATED JUNE 27, 1996
The plaintiff, St. Francis Hospital, commenced this action on May 12, 1995, against the defendants, Santina and Angelo DeCaro (the DeCaros), under General Statutes § 46b-37(b), seeking payment of medical expenses incurred by Santina DeCaro. Thereafter, the DeCaros impleaded the third-party defendant, Golden Rule Insurance Company. Their second amended third-party complaint dated May 13, 1996 consists of four counts: (1) breach of contract; (2) CUIPA violation (3) CUTPA violation; and (4) breach of the implied covenant of good faith and fair dealing.
Golden Rule now moves to strike counts two, three and CT Page 6419 four of the DeCaros' second amended third-party complaint, and in the alternative, paragraphs nine and thirteen of count four of the second amended third-party complaint, and all claims brought by third-party plaintiff, Angelo DeCaro.
With respect to count two, Golden Rule argues that CUIPA does not permit a private cause of action. In the alternative for count two, and for count three, Golden Rule argues that the DeCaros have not alleged a "practice" to comply with either CUIPA or CUTPA. As to count four, Golden Rule argues that the DeCaros have not alleged any improper motive or means by which to support their claim for breach of the implied covenant of good faith and fair dealing. Finally, Golden Rule seeks to strike all claims with regard to third-party plaintiff Angelo DeCaro on the grounds that he does not have standing with which to bring such claims.
— I —
With respect to count two, this court has held that CUIPA does not authorize a private cause of action. SeeSaccente v. Town of Rocky Hill, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529219 (January 23, 1995, Wagner, J.,13 Conn. L. Rptr. 382); Warner v. Sanford Hall Agency, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398991 (February 9, 1993, Wagner, J.,8 CSCR 271). See also Lees v. Middlesex Ins. Co., 229 Conn. 842,847 n. 4 (1994) (declining to address whether a private cause of action exists under CUIPA).
Accordingly, count two of the second amended third-party complaint is legally insufficient.
— II —
In count three of their third-party complaint the DeCaros assert a CUTPA cause of action based on Golden Rule's alleged mishandling of Santina DeCaro's medical expenses incurred during her hospitalization from September 14 to October 14, 1995.
A CUTPA claim based on an alleged unfair claim settlement practice prohibited by [CUIPA] § 38a-816 (6) requires proof, as under CUIPA, that the unfair settlement CT Page 6420 practice has been committed or performed by the defendant with such frequency as to indicate a general business practice. Lees v. Middlesex Ins. Co., supra, 229 Conn. 850. In that case our Supreme Court stated "the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Id., 849. (Stating further, "[w]e conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice as required by § 38a-816 (6).") The language in Mead v. Burns,199 Conn. 651, 659, 11 (1986) is to the same effect. See also Quimbyv. Kimberly Clark Corp., 28 Conn. App. 660, 672 (1986).
Since the CUTPA claim in count three arises from a single instance of insurer misconduct — namely Golden Rule's alleged mishandling of the claim for payment of medical expenses incurred by Santina DeCaro it is legally insufficient, as is the claim for punitive damages and attorney's fees based on their CUTPA claim. See Scoil Corp.v. First Fed. Savings Loan, Superior Court, judicial district of New Haven at Meriden, Docket No. 248532 (January 3, 1996, Silbert, J., 15 Conn. L. Rptr. 584).
— III —
In count four the DeCaros allege that Golden Rule breached its duty of good faith and fair dealing to the third-party plaintiffs in a variety of ways, namely; by (1) "omitting or misrepresenting to third-party plaintiffs pertinent facts and provisions relating to coverage under said contract of insurance;" (2) "unilateral denial of medical insurance coverage to third-party plaintiffs for improper, inaccurate or unjustifiable reasons;" and (3) "not attempting in good faith to effectuate a prompt, fair and equitable settlement of third-party plaintiffs' claim for medical expenses."
This court has recognized an independent cause of action in tort arising from an insurer's common law duty of good faith and an implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including insurance contracts.Buckman v. People Express, Inc., 205 Conn. 166, 170 (1987). CT Page 6421 See also Maher v. Connecticut Insurance Placement Facility,40 Conn. Sup. 299, 303 (Super.Ct. 1985).
In a cause of action based on breach of the implied covenant of good faith and fair dealing, courts look at the reasonable expectations of the contracting parties as they presumably intended. EIS v. Meyer, 213 Conn. 29, 36 (1989). In contrast to good faith, "bad faith means more than mere negligence; it involves a dishonest purpose. Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive."Feinberg v. Berglewicz, 32 Conn. App. 857, 861 (1993). A claim for breach of the covenant of good faith and fair dealing must allege that the defendant did more than simply deny the plaintiff's claim for benefits and "must be alleged in terms of wanton and malicious injury, evil motive and violence for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interest of others." Grant v. Colonial Penn Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 1996, Hauser, J., 16 Conn. L. Rptr. 49, 51).
Construing the allegations most favorably to the plaintiffs, sufficient facts have been pleaded to support a cause of action for breach of the implied covenant of good faith and fair dealing by alleging bad faith and more than a simple denial of benefits.
— IV —
Golden Rule, as an alternative to its motion to strike count four in its entirety, moves to strike paragraphs nine and thirteen of count four.
In paragraph nine the DeCaros allege: "That by issuing said insurance policy to third-party plaintiff and accepting premiums thereon, the third-party defendant has created a fiduciary relationship between itself and the third-party plaintiffs and said fiduciary relationship existed at all relevant times herein."
This paragraph does not state a full cause of action, but rather only makes a factual allegation or, at most, an unsupported legal conclusion. The court has previously CT Page 6422 ruled that a single paragraph in a complaint is not a proper subject of a motion to strike unless it embodies an entire course of action. Ahsan v. Olsen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 314430 (January 18, 1988, Wagner, J.); Cole v. Cummings Lockwood, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 507645 (September 22, 1993, Wagner, J., 8 CSCR 1023).
— V —
In paragraph thirteen of count four, the DeCaros allege: "As a further proximate result of the aforementioned wrongful conduct of the third-party defendant, third-party plaintiffs have suffered anxiety, emotional distress, and pain and suffering."
This paragraph was the subject of a request to revise, filed on March 21, 1996 by Golden Rule seeking revision on two grounds: (1) that paragraph thirteen raised a cause of action distinct from the remainder of count four (breach of the implied covenant of good faith and fair dealing); and (2) that the DeCaros failed to plead specific injuries. The DeCaros objected on the ground that the revision sought evidentiary facts — presumably in response to Golden Rule's latter argument that the Decaros' injuries were unspecified, and this objection was sustained on May 6, 1996.
Given that the DeCaros' objection to the requested revision of this paragraph was sustained by this court, the motion to strike the paragraph at this time must fail. InWest v. Smalley, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 504143 (November 12, 1992, Wagner, J.) this court denied a motion to strike an individual paragraph of a single count on the ground that the defendant raised the same grounds in a request to revise, but the plaintiff's objections were sustained.
— VI —
Golden Rule also seeks to strike all four counts with respect to third-party plaintiff Angelo DeCaro because she was not a party to the insurance contract at issue in this case and has no standing to sue. The complaint acknowledges CT Page 6423 that Golden Rule issued its contract of insurance, only to the third-party plaintiff, Santina DeCaro.
"In the determination of standing the primary focus is on whether the party bringing the complaint is the proper party to request an adjudication of the issue and, not whether the issue itself is justiciable." Civil ServiceCommission v. Pekrul, 41 Conn. Sup. 302, 307 (Super.Ct. 1990), quoting Flast v. Cohen, 392 U.S. 83, 99-100 (1968). To have standing, a plaintiff must have "a colorable claim of a direct injury he has suffered or is likely to suffer . . . [and] a personal stake in the outcome of the controversy." Board of Pardons v. FOIC, 210 Conn. 646, 649
(1989).
With regard to the breach of an insurance contract, this court has held that persons not party to an insurance contract may not bring a cause of action for breach of the implied covenant of good faith and fair dealing. In Grantv. Colonial Penn. Insurance Co., supra, the court stated "The law is clear that only contracting parties may enforce the implied covenant of good faith and fair dealing . . . No Connecticut court has extended the implied covenant of fair dealing and good faith to parties who have not entered into a contractual relationship. Furthermore, an insurance company does not have a duty to settle fairly with third-party claimants . . ."
Since Angelo DeCaro is not a party to the present insurance contract he therefore does not have a direct injury or a personal stake in the outcome of counts one and two; as a third-party he has no standing to bring a cause of action for breach of the implied covenant of good faith and fair dealing. Lack of standing amounts to lack of subject matter jurisdiction, and is subject to dismissal.
Motion to strike counts two and three of the amended third party complaint is granted.
Motion to strike count four, and in the alternative to strike paragraphs nine and thirteen of count four, is denied.
Plaintiff Angelo DeCaro is dismissed as a third party plaintiff. CT Page 6424
Jerry Wagner Trial Judge Referee